# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT



FILED
2013 JAN 24  P 12: 56
U.S. DISTRICT COURT
BRIDGEPORT, CONN

CIVIL ACTION

3: 13CV115(JBA)

Nabil Ghawi

**Plaintiff**

vs.

Law firm Howard L. Schiff, P.C.

Jeanine M. Dumont

Heath A. Tiberio          **JURY TRIAL DEMANDED**

Rebecca Jadach

Quaneshia Dailey-Thompson   et. al.

**Defendant(s)**   hereinafter all entities and individuals known as singular defendant or defendants.

## I.   JURISDICTION

1. Jurisdiction of this Court arises under **15 U.S.C. §1692k(d), 28 U.S.C. §§ 1331 and 1337 and Fed. R. Civ. P. 18(a)**

1

## II. VENUE

2. Venue is proper pursuant to **15 U.S.C. §1692k.** Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Nabil Ghawi, ("Plaintiff") is a natural person and is a resident of the State of Connecticut, Fairfield County. Plaintiff is a consumer as defined by the FDCPA, **15 U.S.C. §1692a(3)**

4. Defendant, is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by **15 U.S.C. §1692a(5)** and authorized to practice law (but not licensed as a debt collector in Connecticut as per **C.G.S. Sec. 36a-801**) at 510 Tolland St., East Hartford, CT 06108. Defendant is considered a "debt collector" as defined by **15 U.S.C. § 1692a(6).**

5. Defendant is the employer law firm, Howard Lee Schiff and Jeanine M. Dumont, Esq., Heath A. Tiberio, Esq., Rebecca Jadach, Esq., and Quaneshia Dailey-Thompson, legal assistant each individually and jointly.

6. Plaintiff refers to Nabil R. Ghawi and the Defendant, Defendants refers to Jeanine M. Dumont, Heath A. Tiberio, Rebecca Jadach, Quaneshia Daley-Thompson and the law firm of Howard Lee Schiff, P.C. The term Defendant and Defendants are used interchangebly (herinafter "HLS" or "Defendant" or "Defendants")

## IV. COMPLAINT
## INTRODUCTION
## STATEMENT OF FACTS

7. On July 9th, 2011 the Plaintiff received a letter via US postal mail from Defendant Howard L. Schiff, PC (HLS) "suggesting that Plaintiff send a check or money order for the balance due to Citibank N.A....... in the amount of $ 14,773.19."

8. Plaintiff received 3 more letters through the US mail from Defendant; dated September 8th, 2011, September 27th, 2011 and January 28th, 2012 requesting settlement of an alleged debt.

9. During 2010-2011 Defendant and two other law firms, Solomon and Solomon and Shermeta, Adams & Von Allmen, P.C., attempted to collect on the same alleged debt.

10. Plaintiff has requested the authority of Defendant HLS to show proof of being retained by Citibank, N.A. as two other debt collector law firms attempted to collect on the same alleged debt.

11. Defendant HLS has never validated the alleged debt properly although the Plaintiff has requested from the Defendant HLS by written letters dated 15 July 2011, 16 May 2012, 16 July 2012, 28 August 2012, 3 September 2012, 8 September 2012, 14 September 2012, 17 September 2012, that the alleged debt be correctly validated pursuant to the FDCPA.

12. The Defendants HLS including Quaneshia Daley-Thompson, Jeanine Dumont, Heath Tiberio, Rebecca Jadach, have continually aggressivly harassed the Plaintiff regarding this

alleged debt even though Plaintiff informed Defendant(s) that this was not his debt and to stop further communication until documentation supporting their case was produced.

13. Below are enumerated and documented in detail the Plaintiff's reasons in taking action against the Defendant(s). Each incident has been meticulously documented by date and time and will be produced on demand.

## V. FIRST CAUSE OF ACTION
## VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT (FDCPA)

14. Plaintiff alleges and incorporates the information in paragraphs 1 through 13.

15. Plaintiff is a consumer within the meaning of the **FDCPA, 15 U.S.C. §1692a(3)**.

16. Defendant is a debt collector within the meaning of the **FDCPA, 15 U.S.C. §1692a(6)**.

17. Defendant(s), violated **15 U.S.C. §1692c(a)(1)** which states (a) Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. Records will be produced.

18. Defendants failed to identify themselves (at least 4 times), violating **§1692b(1)**. Records will be produced.

19. Defendants called Plaintiff at least 30 times without permission of the Plaintiff, violating **§1692b(3)**. Records will be produced.

4

20. Defendants caused the cell phone to ring repeatedly, violating **§1692d(5).** Records will be produced.

21. Defendants placed telephone calls and not left messages without disclosing their true identity, violating **§1692d(6.)** Records will be produced.

22. Defendants engaged in false or misleading representations in communications or means in connection with the debt collection, violating **§1692e.** Records will be produced.

23. Defendants violated **15 U.S.C. §1692e(2)** by falsely representing the character, amount, or legal status of any alleged debt. Records will be produced.

24. Defendants violated **15 U.S.C. §1692e(8)** by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. Records will be produced.

25. Defendants violated **§1692e (10)** by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Records will be produced.

26. Defendants violated **§1692f(1)** by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law. Records will be produced.

27. Defendant violated **15 U.S.C. §1692g** by, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice for validation of alleged debt. Records will be produced.

28. Plaintiff has kept meticulous notes and phone records to substantiate above claims and will produce such documentation when requested.

## VI. SECOND CAUSE OF ACTION

## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT (TCPA).

29. Plaintiff alleges and incorporates the information in paragraphs 1 through 28.

30. Defendant left at least 30 pre-recorded messages on Plaintiff's phone in violation of **47 U.S.C. §227(b)(1)(A)** as alleged debt not validated. Records will be produced.

31. Plaintiff and Defendants do not have an established business relationship within the meaning of **47 U.S.C. §227**. Defendant has called the Plaintiffs cell telephone no less than 30 times using an automatic dialing system and a prerecorded voice. Records will be produced.

32. Defendant has demonstrated willful or knowing non-compliance with **47 U.S.C. §227(b)(1)(A)**. The 29 calls are subject to treble damages pursuant to **47 U.S.C. §227(b)(3)** as they were intentional. Records will be produced.

## VII. THIRD CAUSE OF ACTION

## VIOLATION OF CONNECTICUT GENERAL STATUTES

33. Plaintiff alleges and incorporates the information in paragraphs 1 through 32.

34. **C.G.S.§16- 256e** state laws prohibit robo-calls transmitting unsolicited business, commercial, or advertising messages through recorded telephone message devices that do not

6

disconnect immediately when the consumer hangs up. Records will be produced.

35. Defendant has violated Connecticut law **CGS Sec. 42-288a** that prohibits calls at any time to any consumer who requested the solicitor not to make any more calls. Records will be produced.

36. Defendant has at least once violated Connecticut law **CGS Sec. 42-288c** that prohibits solicitors from using any device that blocks the caller identification system of the called party. Records will be produced.

37. Defendant has violated Connecticut law **CGS Sec. 42-288d** that prohibits the use of recorded message devices. Records will be produced.

38. Defendant has violated **CGS Sec. 36a-646 Prohibited acts** No creditor shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt. Records will be produced.

39. Defendant has violated **CGS Sec. 36a-648**. Abusive, harassing, fraudulent, deceptive or misleading debt collection practices. A creditor, as defined in section **36a-645**, who uses any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect a debt in violation of section **36a-646** or the regulations adopted pursuant to section **36a-647** shall be liable to a person who is harmed by such conduct. Records will be produced.

40. Defendant has violated **CGS Sec. 36a-681.** Any person who willfully and knowingly (1) gives false or inaccurate information or fails to provide information which such person is required to disclose.........shall be fined not more than five thousand dollars or imprisoned not

7

more than one year or both. Records will be produced.

41.   Defendant has violated **CGS Sec. 36a-683;** Failure to disclose.  Except as otherwise provided in this section, any creditor who fails to comply with any requirement of sections **36a-675 to 36a-685, inclusive, including Section 125 of the Consumer Credit Protection Act (15 USC 1635), or of section 36a-771 or 36a-774,** with respect to any person is liable to that person in an amount equal to the sum of (1) any actual damage sustained by such person as a result of the failure; one hundred dollars nor greater than one thousand dollars. Records will be produced.

## VIII. FOURTH CAUSE OF ACTION
## VIOLATION OF TRUTH IN LENDING ACT TILA

42.   Plaintiff alleges and incorporates the information in paragraphs 1 through 41.

43.   Defendant has not submitted a copy of the contract or other writing evidencing the original debt, which must contain a written signature of the Defendant or evidence of the debtor's agreement by electronic means in compliance with **Section 101©** of the Electronic Signatures in Global and National Commerce Act, **15 U.S.C. § 7001©.** If the debt arises from a credit card and no document signed by the consumer to evidence liability ever existed, then reasonable verification shall include copies of documents generated when the credit card was

actually used, **including the disclosures required by 15 U.S.C. § 1637**. Records will be produced.

44. A debt collector must provide a copy of the original contract or other documentation that the consumer actually incurred the debt. In credit card cases, such documentation could arguably be required by the Truth in Lending Act, **15 U.S.C. § 1643(b)**, which provides that in any action by a creditor to enforce liability for the use of a credit card, the burden of proof is upon the creditor to show that the use was authorized. At least one state supreme court has held that this section of TILA requires creditors to provide evidence that the consumer signed the account application, a copy of the account agreement, and a copy of billing statements. If creditors are required to provide such evidence, debt collectors should be required to as well. Records will be produced.

## IX.   FIFTH CAUSE OF ACTION

### VIOLATION OF U.S. MAIL FRAUD ACT

45. Plaintiff alleges and incorporates the information in paragraphs 1 through 44.

46. Defendant HLS has never validated the alleged debt properly although the Plaintiff has requested from the Defendant HLS by written letters dated 15 July 2011, 16 May 2012, 16 July 2012, 28 August 2012, 3 September 2012, 8 September 2012, 14 September 2012, 17

September 2012, that the alleged debt be correctly validated pursuant to the FDCPA. Defendant failed and/or refused to provide the documents as made in the Request For Validation. Records will be produced.

47. 18 U.S.C. § 1341 Defendant used the mail in carrying out a scheme to defraud by means of false of fraudulent pretenses, representations or promises. Defendant, refused to comply with a qualified Validation Request, and continued to mail false and misrepresented letters and legal threats to Plaintiff although Plaintiff had no contractual arrangement or agreement with Defendant and/or its agents or alleged clients. Records will be produced.

48. Defendant and/or other unknown third-parties mailed through the U.S. Mail System a multitude of deceptive unsigned letters, disguising the identity of the "true" author and executor of the document. Such misrepresentations of character and identity were carried out as a willful act of malice to mislead the Plaintiff and prevent him from having the ability to communicate with the maker/sender, and/or to include such person(s) in litigation, and/or examine such person(s) under oath by way of depositions and other methods by subpoena. Records will be produced. Records will be produced.

49. Defendant knowingly and defiantly proceeded with collection efforts in violation of **15 U.S.C. § 1692 Et. seq. and 18 U.S.C. § 1341** after being informed that the validation of alleged debt was demanded. Records will be produced.

## X.  SIXTH CAUSE OF ACTION

## VIOLATION OF CONNECTICUT UNFAIR

## TRADE PRACTICES   ACT ( C.U.P.T.A.)

50. Plaintiff alleges and incorporates the information in paragraphs 1 through 49.

51. Defendant has violated **C.G.S. § 42-110 et. Seq.** that governs unfair trade practices in the state and " prohibits the unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce"

53. **C.U.P.T.A., C.G.S. § 42-110A- 42-110Q** provides remedies for unfair competition and false or deceptive advertising. Continued attempts to collect the debt were unfair, unlawful, immoral, and oppressive and have caused substantial injury to the plaintiff.

54. Plaintiff has suffered an "ascertainable loss of money as a result of prohibited practice and may bring an action to recover actual damages" **C.G.S. § 42-1109g(a).**

55. Plaintiff has suffered lost opportunities, time, incurred expenses etc. and loss of reputation due to the actions of Defendant.

## XI . SEVENTH CAUSE OF ACTION

## UNCONSCIONABILITY

56. Plaintiff alleges and incorporates the entirety of the facts and information from the above CAUSES OF ACTION and paragraphs 1 through 55, and hereby makes such a part of the

11

SEVENTH CAUSE OF ACTION as example of conduct the nature which is deemed unconscionable.

## XII.   REQUEST FOR RELIEF

**WHEREFORE,** based upon the foregoing facts the Plaintiff requests the following relief:

57.   Judgment against the law firm Howard Lee Schiff P.C. and each defendant individually including Jeanine Dumont, Quaneisha Daley-Thomson, Heath A. Tiberio and Rebecca Jadach for actual damages.

58.   Judgment against Howard Lee Schiff P.C. and each defendant individual including Jeanine Dumont, Quaneisha Daley-Thomson, Heath A. Tiberio and Rebecca Jadach for statutory damages.

59.   Judgment against the law firm Howard Lee Schiff P.C. and each defendant Jeanine Dumont, Quaneisha Daley-Thomson, Heath A. Tiberio and Rebecca Jadach for punitive damages

60.   Costs incurred of lawsuit, including attorney fees and other related expenses.

61.   Post judgment statutory interest at the rate of 10% per annum pursuant to C.G.S. Sec 37-3a and Sec. 52-356d

62.   Costs due to loss of sleep, distraction from work, emotional distress and loss of income due to reputation damage.

63.   Any other relief that this Honorable Court deems appropriate.

## XIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this January 22, 2013.

                                                Nabil R. Ghawi, Plaintiff
                                                14 Hawthorne St S (Apt B)
                                                Greenwich, CT  06831