UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2014 APR 24  AM 11 58
U.S. DISTRICT COURT
NEW HAVEN, CT.

NABIL GHAWI
  PLAINTIFF
  vs

HOWARD L. SCHIFF P.C.
JEANINE DUMONT, HEATH TIBERIO
RECCA JADACH, QUANESHIA-DAILEY-THOMPSON
CITIBANK, N.A.
DEFENDANTS

CIVIL ACTION 3:13 CV 00115JBA

**PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS**

APRIL 23, 2014

**I-   BRIEF HISTORY AND INTRODUCTION:**

Plaintiff has initiated this action due to the many violations perpetrated by the law firm of Howard L. Schiff (HLS), its employees and Citibank, N.A. (Citibank) - hereinafter referred to as Defendant or Defendants. Ms. Dumont references to the case in the lower court but the outcome of that case has no bearing to the infractions committed in the federal case. The unconscionable, illegal and unethical method in which an alleged debt was pursued is the basis of this lawsuit.

1

Ms. Dumont's argument that was used in the lower courts that "Federal rules do not apply here" can no longer be justified. Federal rules have now to be adhered to and cannot be ignored or dismissed as irrelevant.

Additionally as of September 11th., 2012 the declaratory ruling by the Connecticut Banking Department mandates that a non-human entity must be licensed and bonded in the State of CT. This supplants the federal statute - USC Title 15 Chapter 41 Subchapter V Sec 1692e. Additionally the 1974 UCC Sec 2.302 requires that any assignee of a supervised loan to be licensed. Fort Trumbull Conservancy LLC v. Alves, 286 Conn 264,271, 943 A 2d. 420 (2008). The advocates are working for HLS, a non-human entity or corporation that has to maintain a surety and be bonded. It may be that individual attorneys are exempt from licensure as a debt collector but the company they work for has to be bonded and registered.

Another unacceptable conduct is that true agency has not been established. Three law firms have attempted to collect on this alleged debt. Shermeta, Adams & VonAllmen, P.C. dismissed the case without prejudice on May, 26, 2011.Solomom and Solomon P.C. never validated the alleged debt as of December 1, 2010. It is well within my rights to demand true representation, especially when 3 law firms all claim to represent creditor. It is mandated by Federal Statute and Conn. Gen Stat § 36a805(1). Gold vs. Rowland, 296 Conn. 186, 994, A2d. 106 (2010). When

challenged written assignment must be produced. An affidavit stating that there is such an assignment is not sufficient. Unifund CCR Partners Vs Shah __n.E.2d__, 2011 WL 477725 (Ill. App. Ct. Feb 1, 2011).

Therefore the state case did not have merit or standing from the start had the established rules been followed. This suit is based on the conduct and method of collection of such alleged and disputed debt. It will be shown that not only is the behavior unconscionable but the methodology used was unethical and illegal.

II- STATEMENT OF FACTS:

I shall reply and address Ms. Dumont's request to dismiss the case (please note the adjustments made to the counts):

COUNT 1:

In the first place the FDCPA applies to all debt collectors. The FDCPA is directed at HLS and its employees acting in the capacity as debt collectors. See Heintz vs. Jenkins (94-367), 514 US 291 (1995). It will be noted that there should not be any controversy over this point as every piece of correspondence sent by the law firm of HLS has a bold note at the bottom "this communication is from a debt collector." (Exhibits 3 &4). Ms. Dumont's argument that she is not a debt

collector and that the FDCPA does not apply to her is unacceptable and in contradiction of her own verbiage. It is immaterial in this case if Citibank is the original creditor or not ( this will be proven otherwise in federal court) but the fact of the matter is that the telephone calls can be traced directly back to HLS and there can be no doubt that the numbers 866-234-7606, 860-882-0061 and 860-882-1798 are those associated with HLS.*

Throughout the complaint to dismiss Ms. Dumont wavers back and forth depending on what suits her position in that particular argument. HLS seems to be acting as a debt collector, counsel, attorney and original creditor simultaneously. Should that be the case then they are subject to all the regulations for all such representations. If they are acting in all such capacities then they must abide by all the laws as they pertain to each role that they are performing. HLS and employees cannot somehow dismiss the case in that they are not the creditor but they are an attorney, and then state that they are a debt collector and not a creditor and then state that they are attorney and therefore the rules pertaining to debt collector and creditor do not apply. This is unconscionable, misleading and deceptive. If HLS is acting in one capacity then those laws apply and if another then those laws apply etc. In fact all the rules, laws and regulations apply as to creditor, attorney and debt collector as they are all named in the suit and are working in concert of one another.

I have attached only those phone calls that I could account for and I have written evidence for. The recordings have been preserved on my hard drive. According to Exhibit 2 it indicates clearly and unambiguously that the phone numbers produced by the records introduced by Defendant that only two phone numbers are indicated 203- 930-6063 and 203- 532-9459 that are to be used by Citibank, NA for communication. The 203-531-5122 is only released by me to parties and individuals of my choosing as that number, which is tied to my cell phone is paid for by airtime and is not disseminated to the public. It is on the do not call list especially because of the expense incurred in using the number for inbound calls when it rings to my cell phone.

It is true that I have allowed the courts to have access to that number but that is because I cannot afford to miss deadlines issued by the court as once I neglect the time permitted me then I lose by default; that is the reason I disclosed the number to the court. This is an important matter and time is of the essence, so I need to receive all communications as soon as possible.

\* Please note that I am resubmitting the Exhibits and including others as I have found more relevant notes and I have articulated the violations more precisely. \* Every call highlighted in yellow in Exhibits 1 fall within the one year statute of limitations of the FDCPA. Federal law appears to specify a two year statute of limitations for actions to recover on cell phone charges and interstate or foreign landline communication charges. 47 USC § 415 (a).

In any event every call made by HLS was made by an automated call machine which by definition is prohibited by FDCPA, TCPA, FCC, UDCPA and other laws. So on that one count alone the FDCPA infraction stands. Notwithstanding, another violation is that phone calls do not discontinue after my hanging up first. How do I know that? Well, all the calls that are 4 seconds or less in duration are hang ups. If the recording service picked up and the phone call is disconnected then by definition the caller has discontinued the communication and hung up.

The other counts can be proven to the court should the honorable judge wish to listen to the recordings I will be happy to release them. They have been preserved and are available for review. In fact, the content to those recordings can be replayed. The argument presented by Ms. Dumont that I have no proof of the source or the content is completely indefensible.

Although, I cannot prove in physical evidence those calls that displayed "telemarketer" on the caller ID, I can vouch under oath that it is so and I would depose Ms. Quaneshia Dailey-Thompson to deny that in an affidavit. Ms. Dumont argues inconclusively that the Schiff law office has no control over the fact that "telemarketer" appears on the caller ID. That is in direct contradiction to the facts and a deposition will be proof of that undeniable actuality. I have only included the

calls that can be directly traced to HLS law offices. The numbers used are 866-234-7606, 860-882-0061, and 860-882-1798, as evidenced in Exhibit 1, 1A, 1B, 1C, 1D, 1E, 1F and 1G.  Since I do not have a record of the many other calls I cannot include those as they would be based on hearsay.  I intend to prove in affidavits, depositions, interrogatories, requests for admissions and other legal proceedings that there were many other such contacts; too numerous to recount.  It may still be possible to retrieve all calls, including those replied to, from the telephone company.  There were many occasions when I spoke to individuals at HLS. Those calls were not recorded on the answering machine but the telephone company must have the means to trace them; if not, the pleadings should reveal those facts.

Ms. Dumont goes on to argue that even if the calls were made they cannot be traced to any one individual. That is exactly why all parties are named in the suit. The phone messages were made by an automated machine. Since HLS and its employees are the responsible parties then they are all named in the suit and all of them are culpable.  All individuals were a party to the action and the deed of one is the same as the action of all as they were acting in concert and had full knowledge of each other's affairs. To claim ignorance is no excuse as that would be negligence on the part of the debt collector which would be another serious infraction.

In any case only one violation is needed for the FDCPA to stand. So it may be possible for subjective issues or objections to be argued but those that are documented and on the record are not subject to interpretation but are cut and dry. So even if all the other infractions by some mysterious way are removed the ones on the computer's hard drive cannot be questioned as they are indisputable evidence.

Plaintiff is confounded by Defendant's argument that that the complaint is not supported by facts. Exhibits 1, 1A, 1B and 1C disclose all the calls made by the exact time, duration and date. The content can be examined simply by replaying them as they have been preserved and are consequently hard evidence. For Ms. Dumont to argue "a valid cause of action is needed and the allegations are nothing more than bald accusations lacking in factual support to sustain such a claim" is an insult and a mockery to even the most uninitiated. "When were these calls made?" Exhibits 1 spell out the date and times of each call. "What messages were left?" The court can listen to each call made. They are taped and therefore not subject to misinterpretation. The many violations of the FDCPA are memorialized and cannot be denied. The most ludicrous argument of all is, "How does Mr. Ghawi know that these calls were made by the Defendants if the caller was not identified?" The number from which the calls emanated from are those of HLS. All the individuals' party to the suit are blameworthy. These slippery arguments are not evidenced by

the facts. It is most fortunate that Plaintiff was able to retrieve the telephone records; not from memory but from actual transcripts, so that this elusive argument cannot be justified at all. Yes, Plaintiff knew who was calling him as the transcripts trace the numbers back to HLS. These automated messages cannot be denied. HLS and named employees are all liable. They all equally share in the responsibility.

I cannot argue with the law that states that the FDCPA has a one year statute of limitations. That is why only the calls made after January 24, 2012 have been highlighted in Exhibits 1. The TCPA also has a one year statute of limitations. CUPTA has a 3 year statute so every phone call listed falls within that time frame.

Ms. Dumont is attempting to dismiss the case before it even goes to court. The judicial system is a fair and balanced one and both parties to the suit must be heard. All her arguments are based on a presupposition that Plaintiff is falsely alleging facts but these have been documented and are in evidence. By using her logic and method of argument then there is no need for this action to go to trial as there is no doubt as to the outcome of any proceeding. That in itself defeats the purpose of the judicial system.

COUNT 2:

Ms. Dumont argues that the TCPA exempts calls with which one has an established business relationship. In the first place I have no business relationship with HLS as they have yet to prove representation. In any case the numbers that were disclosed for communication according to Exhibit 2 were not the telephone numbers used.

Notwithstanding , the TCPA prohibits making any call using an automatic dialing system or an artificial or prerecorded voice to make any call ………..
……in which the called party is charged for the call.  47 USC§ 227(b) (1) (A); 47 CFR§64.1200(a) (1).  See Larry v. Flasch Bus. Consulting, 878 So 2d 1158 (Ala. Civ. App. 2003). This rule has been upheld against a First Amendment challenge. See Joffe v. Acacia Mortg. Corp., 121 P.3d 831 (Ariz. Ct. App. 2005). Moreover in the TCPA, there is no exception for calls to the cell phone numbers with whom the caller has an established business relationship.  See Leckler v. Cashcall, Inc., 554 F. Supp. 2d 1025 (ND Cal. 2008).

Another problem with automatic dialing systems is that they lead to abandoned calls.  A call is "abandoned" if it is not connected to a live sales representative within 2 seconds of the called person' greeting.  47 CFR § 64.1200(a) (6).  (All the calls were automated ones and even if replied to a representative did not pick up within 2 seconds).

Additionally the TCPA clearly states that if a consumer requests that he no longer be contacted then exempting first call all calls after that are a violation and subject to penalties.

COUNT 3:

Plaintiff intends to prove that RICO does apply in this case. The allegations made are based on the facts as evidenced by the records. The records will be produced and arguments made in support of such allegations. For Defendant to attempt to dismiss the case before it is even heard is indefensible, cowardly and based on false presumptions. Plaintiff is filing a complaint because he has actionable and justifiable reasons. Defendant should not be able to dismiss the case before a jury of their peers can actually determine what the truth is.

The documentation used was false. The affiant Shepherd has been exposed to be a robo-signer with no personal knowledge of the account. I had requested to strike such evidence produced but the lower court in its own discretion and against established rules decided to rely on such records for their ruling. I was not permitted to question or depose any witness or even talk to the alleged creditor, Citibank, NA. There can only be one copy of the original document and when two such statements are produced then by definition one cannot be an original. There

are many other questions that have to be answered and the unscrupulous nature of the collection effort falls under RICO.

An "unlawful debt" is defined as either illegal gambling debts or usury (under either federal or state law at a rate at least twice the enforceable rate. 18 USC Sec 1961 (6).

COUNT 4: (Count III according to Defendant)

Amazingly by their own argument CT General Statutes apply. It is true that individual attorneys are not required to be licensed but to overlook and ignore that HLS has to be registered and bonded is a duplicitous position. Throughout the motion to dismiss Ms. Dumont argues not according to the facts but according to their own interests depending on the situation being argued. How can Defendant in all good conscience completely ignore the facts and only use those that further their position? The truth is that as of September 2012 HLS has no jurisdiction and cannot practice being a debt collector in the state of CT. All employees and attorneys working for HLS are therefore doing so in contravention of prevailing laws. That is not a question for debate or argument. It is not subject to interpretation or argument. It is the law and Ms. Dumont must abide by such. She convincingly tries to convey herself as a bastion of truth and justice on the one hand but her actions belie the truth.

The Connecticut Supreme Court has ruled that UDAP statutes cover credit transactions. Nomad Joseph Enterprises, Inc. vs. Conn. National Bank, 646 A 2d. 1289 (Conn 1994).

The Connecticut Legislature amended the UDAP statute to state explicitly that no public interest or public injury need to be shown. CT General Statute Sec 42-110(g) as amended by CT Acts 467 (1984).

COUNT 5: (Count IV per Defendant):

Once again Ms. Dumont equivocates between the truth and falsehood. On the one hand she claims that the Truth in Lending Act (TILA) does not apply to HLS as they are not the creditor. Since they now admit Citibank, NA is the creditor then they have by their own cognizance admitted that the Truth in Lending act applies to their alleged client who they intend to now defend. Initially they denied the suit on behalf of their purported client. HLS decides to be a party when it suits them and is in their interest to do so but evades responsibility when such a pursuit is detrimental to their cause. Mr. Ghawi is under no misapprehension or illusion as to the relationship between Citibank, NA and HLS and intends to expose such association which he was unable to do in the lower courts due to the complete disregard of federal rules This count may not apply to HLS but by HLS' own acknowledgement it applies to their supposed client, Citibank, NA. The truth is

that all parties to the suit are equally liable as they are all complicit and acting in concert with each other's full knowledge and cooperation. Let's assume for a moment that TILA only applies to Citibank as the original creditor; how can the other Defendants not take responsibility for all parties are acting in tandem?

HLS claims they are not responsible for the amount due and they take the word of their client that the amount presented them has to be correct. When Plaintiff requests that creditor be available for verifying amount due the courts are informed that Defendant is not responsible for knowing about how much is due and is relying on the creditor to disclose the true amount. When Plaintiff requests that original creditor be present he is told that all communication is to be done through HLS?!

TILA not only applies to creditor but to HLS as well. The Truth in Caller ID Act of 2009 makes it unlawful for any person to transmit misleading or inaccurate caller ID information with the intent to defraud or deceive. 47 USC Sec 227(e) in conjunction with 47 USC Sec 207 of the Communications Act of 1934.

I intend to prove in federal court that the suit is based on false affidavits and representations. Jennifer Shepherd, an individual whose very existence is in question must be deposed as her statements are prejudicial. Moreover the documentation presented does not comply with FRCP Rule 56 (e) (1) nor even Connecticut Rules of Evidence (CPB§ 17-46). Furthermore HLS cannot argue that

federal laws do not apply. No longer is it a state issue but a federal one now and statutes, case laws and citations nationwide must be taken into consideration and cannot be disregarded.

COUNT 6:  (Defendants Count V)

Although according to Ms. Dumont there may be no private action for mail fraud, Plaintiff has been directly injured by the actions of Defendant in using the mail by circulating unsigned falsified letters (Examples are Exhibits 3 and 4). The judge and/or jury has discretion in demanding compensation for injury caused by such an illegal activity as there is a direct proximity to causation of damage.

Defendant has continuously and illegally sent unsigned letters to Plaintiff. Exhibit 3 reveals that there are three signatories; Jeanine Dumont, Heath Tiberio and Rebecca Jadach. Consequently any and all conduct by the law firm HLS is represented by such individuals and responsibility must be taken for they are acting as one entity. They are all complicit and liable. Ms. Dumont's argument that each individual party must be named is flawed as all the participating employees are involved, equally liable and subject to the same sanctions. Those individual employees that had no involvement or were not a party to the actions taken by the law firm are obviously not culpable.