UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NABIL GHAWI<br>    Plaintiff | CIVIL ACTION NO. 3:13 CV 00115 JBA |
| vs | |
| LAW OFFICES HOWARD LEE SCHIFF P.C.<br>JEANINE M. DUMONT, HEATH A. TIBERIO,<br>REBECCA JADACH, QUANESHIA DAILEY-<br>THOMPSON<br>    Defendants | DECEMBER 16, 2014 |



## DEFENDANTS' PROPOSED RULE 26(F) REPORT[1]

Date Complaint Filed: January 24, 2014

Date Complaint Served: June 10, 2013

Date of Defendant's Appearance: June 28, 2013

    Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on _____. The participants were:

    Nabil Ghawi for Plaintiff

    Jeanine M. Dumont for Defendants, Law Offices Howard Lee Schiff P.C., Jeanine M. Dumont, Heath A. Tiberio, Rebecca Jadach, and Quaneshia Dailey-Thompson

---

[1] The undersigned contacted Mr. Ghawi on December 9 and December 15, 2014 in an effort to hold the required conference and complete this Report. On December 9, Mr. Ghawi indicated that he had not received the Court's orders on this case, and that he would review them and call back. Having not heard from him, the undersigned called him again on December 15. The telephone connection was not good, and after several attempts, Mr. Ghawi indicated that he would be requesting an extension of time to respond to this Court's order. The undersigned was willing to discuss the Report, but Mr. Ghawi refused to do so, and hung up. The undersigned is therefore proposing this Rule 26f Report unilaterally, and requests that a scheduling conference be held so that Mr. Ghawi may participate in the Case Management Plan.

I. **Certification**

Undersigned counsel certifies that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan.

Counsel further certifies that they have forwarded a copy of this report to their clients.

II. **Jurisdiction**

   a. Subject Matter Jurisdiction

   This Court has subject matter jurisdiction over the claims in this action, as the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

   b. Personal Jurisdiction

   Personal jurisdiction is not disputed.

III. **Brief Description of Case**

   This case arises from the Defendant's attempt to collect a consumer debt from Plaintiff.

   **A. Claims of Plaintiff**

   The following is alleged by Plaintiff:

### B. Defenses and Claims of Defendant

Defendant denies Plaintiff's allegations, and further claims that the plaintiff's allegations are frivolous and unfounded.

### Statement of Undisputed Facts:

Counsel certifies that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

## IV. Case Management Plan:

### A. Standing Order on Scheduling in Civil Cases

The parties **request** modification of the deadlines in the Standing Order on Scheduling in Civil Cases

### B. Scheduling Conference with the Court

Defendant **do not requests** a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. **Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement remains possible although the prospects are unknown.

2. Defendant **requests** an early settlement conference.

3. The parties prefer a **settlement conference with a magistrate judge**.

4. The parties **do not request** a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. **Joinder of Parties and Amendment of Pleadings**

1. Plaintiff should be allowed until **January 30, 2015** to file motions to join additional parties and until **January 30, 2015** to file motions to amend the pleadings.

2. Defendant should be allowed until **February 27, 2015** to file motions to join additional parties and until **February 27, 2015** to file a response to any amended Complaint.

E. **Discovery**

1. The parties anticipate that discovery will be needed on the following subjects:

- Plaintiff's request for validation of the debt directed to defendants;
- Plaintiff's allegations that telephone calls were made to him without his consent;

The foregoing is not to be construed as an acknowledgement of the propriety of any particular discovery demand or method, and the Parties' rights to object to discovery as propounded are expressly preserved.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed by **June 30, 2015**.

3. Discovery will **not** be conducted in phases.

4. The parties anticipate that the Plaintiff will require a total of 2 depositions of fact witnesses and that the Defendant will require a total of 2 depositions of fact witnesses. The depositions will be completed by **April 25, 2015**.

5. The parties **will not** request permission to serve more than 25 interrogatories.

6. Plaintiff does not intend to call expert witnesses at the present time. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **March 30, 2015**. Depositions of any such experts will be completed by **June 30, 2015**.

7. Defendants do not intend to call expert witnesses at trial at this time. However, if it is determined that expert witnesses are needed, defendants will designate all trial experts and provide plaintiff with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by **May 30, 2015**. Depositions of such experts will be completed by **July 30, 2015**.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by **January 15, 2015**.

9. Undersigned parties and/or their counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information: The parties will preserve all electronically stored information

and accept disclosure of electronically stored information as pdf documents. The Parties will undertake to search their electronically stored records for responsive documents and information by utilizing search terms and procedures known by the disclosing party to be reasonably calculated to locate responsive documents and information.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production. Following is the position of each party: In addition to the procedures delineated in FRCP 26(b)(5), any Party who becomes aware of having received from a disclosing party a document which, on its face, appears to be (a) subject to privilege or the work product doctrine and (b) produced through error or inadvertence, will promptly notify the disclosing party of the disclosure. The disclosing party will then have 7 days within which to invoke the procedures set forth in FRCP 26(b)(5)(B) except that the recipient will be subject to the requirements and prohibitions set forth in FRCP 26(b)(5)(B) from the date upon which such party becomes aware of having received the document until the later of the expiration of 10 days from notice to the producing party or the date upon which the claim of privilege is resolved.

F.  **Dispositive Motions:**

Dispositive motions will be filed on or before **August 30, 2015**.

G.  **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by the later of **September 30, 2015 or 30 days after the final disposition of any dispositive motion leaving issues for trial.**

V.  **TRIAL READINESS**

Subject to the implementation of the provisions of Sections V-F and V-G of this report, the case is expected to be ready for trial by **November 1, 2015**.

As officers of the Court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Respectfully submitted,

Dated: December    , 2014                              Dated: December 16, 2014

By _____                              By: _____
Nabil Ghawi                                            Jeanine M. Dumont
14 Hawthorne Street S                                  LAW OFFICES HOWARD LEE SCHIFF PC
Apt B                                                  510 Tolland Street
Greenwich, CT 06831                                    East Hartford, Connecticut 06108
Telephone: (203) 531-5122                              Telephone: (860) 528-9991
*Pro Se Plaintiff*                                     Facsimile:  (860) 528-7602
                                                       *Attorneys for Defendant*

8

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, on DECEMBER 16, 2014 to the following counsel of record:

**PLAINTIFF**
NABIL GHAWI
14 HAWTHORNE STREET S (APT. B)
GREENWICH, CT. 06831

*Jeanine M. Dumont*
Jeanine M. Dumont

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**