UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NABIL GHAWI
Plaintiff

vs

Case: 3:13 CV 00115 JBA

LAW OFFICES HOWARD LEE SCHIFF P.C.
JEANINE M. DUMONT, HEATH A. TIBERIO,
REBECCA JADACH, QUANESHIA DAILEY
THOMPSON, CITIBANK, NA
Defendant/s

January 17, 2015

PLAINTIFFS' MEMORANDUM EXPLAINING AND
SUPPORTING PROPOSED RULE 26(F) REPORT

Per Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, Plaintiff has made every effort to cooperate with Defendant to comply with the Courts orders. Plaintiff received the enclosed letter from Ms. Dumont on January 12th requesting that he make any changes to the Report. Since Plaintiff had already written the report on December 29th 2014 he crossed out the date and faxed the report to Ms. Dumont the very next day on January 13th 2015. This is indicated on the fax cover sheet; in it he expressed his good faith by politely requesting that she fax the revised 26f and he would do everything possible to expedite the process and to try and find a mutually agreeable settlement. To date Plaintiff has not received anything from Ms. Dumont, no revised report or any phone call.

In fact, Plaintiff has requested an amicable resolution many times. Ms. Dumont according to protocols and common courtesy and respect should have forwarded a copy of her proposal so that on her first call on December

1

15th I would have known what her intended course of action would be. I asked her to email me her proposal and when she refused I asked her to mail me a copy or fax it, to which she answered "that is not the way we do business". * I then informed her that I would be requesting an extension of time. Instead she ignored me and unilaterally filed the 26f. I have amended and revised her proposal so that in fact it reflects my position, which appears to be quite different from hers. Plaintiff in all good conscience would like to do what is right but cannot do so when Defendant's position is so blinded by their determination to dismiss a legitimate case. They insult the Plaintiff by ignoring his numerous attempts to find a mutual agreement, which would take into account his rights within the judicial system. Plaintiff is always willing to negotiate a resolution in good faith based on the evidence and on the statutory violations and other fees to which the Plaintiff is entitled to by law. A Case Management Plan may not be needed as Plaintiff at this time is going to file a motion for summary judgment, as the evidence is incontrovertible. This would save the Court much expense and time.

---

*I do not believe there was anything wrong with the telephone connection on December 15th as Ms. Dumont's voice was heard clearly by me and when on several occasions Plaintiff asked Ms. Dumont if she could hear me; she would respond "no, I cannot hear you."!!! This makes no sense as the response is contradictory. Plaintiff attempted to be cordial but Defendant spoke to him in a patronizing and condescending voice as if he were ignorant. The tone was offensive and the conversation was one sided whereupon Ms. Dumont ignored my request for an extension of time or for her to send me her proposal by fax, email or regular mail so I could review it. She had decided how she was going to proceed no matter what I said. Her final comment before hanging up was " I will do what I have to do."

Defendant's position has always been that Plaintiff does not have a case and even if he did he was only entitled to a very small sum to go away. In all her correspondence Defendant only refers to the FDCPA. The TCPA violations, which Defendant ignores, have statutory damages (other than punitive and actual damages). Then there is the CT Mini TCPA, which has a $20,000 penalty for each violation. Additionally there is CUPTA, which carries penalties of $5,000 per violation. Plaintiff will be applying all these statutes in addition to a number of others in his Motion for Summary Judgment.

Plaintiff would entertain statutory damages without including the actual and punitive damages. Statutory fines are not subject to interpretation. This would be the speediest and most cost effective way to move forward. Plaintiff will consider any offer that reflects just the statutory damages so that it would obviate any further litigation. Should the Magistrates decision be a binding and final one then Plaintiff would demand a jury trial as specified in his complaint.

Plaintiff does not wish to pursue this litigation any further than absolutely necessary. Once again to terminate this lawsuit Plaintiff would consider settling for just the statutory fines. If need be, he will continue until a trial by jury would determine a just and fair decision based upon the truth.

Respectfully,

January 19, 2015

Nabil Ghawi
14 Hawthorne Street S
Apt B
Greenwich, CT 06831

3

CERTIFICATION OF SERVICE

I hereby certify that a copy was mailed, first class postage prepaid, on January 19, 2015 to the following counsel of record:
Jeanine M. Dumont
Law Offices of Howard L. Schiff PC
510 Tolland Street
East Hartford, Connecticut 06108

_____
PLAINTIFF   Nabil Ghawi