# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

NABIL GHAWI
  PLAINTIFF
    vs

HOWARD L. SCHIFF P.C.
JEANINE DUMONT, HEATH TIBERIO
REBECCA JADACH, QUANESHIA
DAILEY-THOMPSON (hereinafter HLS)
CITIBANK, N.A (hereinafter CIB)
    DEFENDANT/S

CIVIL ACTION 3:13 CV 00115JBA

MARCH 24, 2015

**PLAINTIFF'S MOTION TO COMPEL TO RESPOND TO DISCOVERY ON CITIBANK, NA**

1

## INTRODUCTION:

Plaintiff, Nabil Ghawi, Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, moves the Court to compel Defendant Citibank, NA (CIB) to comply with their discovery obligations and reply to admissions, interrogatories and to Plaintiff's First Request for Production of Documents. By not complying with discovery Plaintiff is placed in a most disadvantageous position. A blanket protective order would not be appropriate. Any and all objections should be addressed independently. Plaintiff has requested separate discovery on HLS et al and Citibank. It is requisite to get the information directly from the original sources as it impacts the outcome of the case.

Plaintiff is asking for a good faith effort on Citibank, NA to directly cooperate in discovery as much as possible. They are an integral party to this suit. HLS cannot continue to attempt to exclude such a necessary party as it has implications and ramifications on all the proceedings. In any case the TCPA's substantive restrictions apply to any person[ 47 USC § 227(b)(1).  7 CFR § 64.1200(a),(c),(d),(e) ("no person" shall violate restrictions)] a term that includes individuals, partnerships, associations, joint-stock companies, trusts and corporations. [Accounting Outsourcing LLX v Verizon Wireless Personal Communications, LP, 329 F Supp 2d 789,806 (M.D. La 2004)]. The fact that an independent contractor actually places the calls…...does not insulate the principal from liability [Covington & Burling v Int'l  marketing &  research, Inc 2003 WL 21384825 (D.C. Super. Ct Apr 17 2003).

The complaint's (Dkt. entry ¶59) foundation is based on the fact that all are working in concert and are in agreement. Therefore it is imperative that all named entities be responsible for their own actions. Discovery must be answered by the individuals who have first hand knowledge as per the Rules of Evidence. This is a federal suit based on the behavior of the creditor and debt collector in which federal rules apply (Dkt. entry ¶ 59  # 88).

The Court did not dismiss the TCPA counts against Citibank, NA. Also, depending on CIB's responses to discovery there may be evidence to reveal other violations. Mr. Ghawi in his initial amended complaint (Dkt ¶59) stated that he was still doing his due diligence and had not completed his investigations, especially with respect to the incoming calls from Defendant/s (namely HLS and CCI as described explicitly in definitions of who Defendant/s is/are). CIB is not exempt from the TCPA. Consequently all violations whether by CCI or HLS can and will be included.

**FACTUAL AND PROCEDURAL BACKGROUND:**

According to Ms. Dumont  "Throughout the Amended Complaint, Mr. Ghawi uses "defendant" or "defendants" and does not specify which of the named defendants he references when using defendant." [Page 2 of Defendant's Memorandum in support of a motion for protective order dated March 17, 2015 ].

I have highlighted in bold black the relevant sections that more precisely define the term/s as used throughout pleadings. This case is a question of law and not semantics. As explained (Dkt ¶ 59, #4-9) there can be no ambiguity

whatsoever. Below are the sections being referred to so that it is absolutely clear on whom the parties are:

4. **Defendant Howard L. Schiff PC and employees is an entity** who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and authorized to practice law (but not licensed as a debt collector in Connecticut as per C.G.S. Sec. 36a-801) at 510 Tolland St., East Hartford, CT 06108 Defendant Citibank, NA is a bank creditor that is in the business of credit cards and loans.

5. **Defendant is a creditor** as defined by 15 U.S.C. §1602.

6. **Defendant is a debt collector** within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

7. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

8. **Defendant is the counsel law firm, Howard Lee Schiff P.C. and attorneys Jeanine M. Dumont, Esq., Heath A. Tiberio, Esq., Rebecca Jadach, Esq. , and Quaneshia DaileyThompson**, **legal assistant; and alleged creditor Citibank, N.A. each individually and jointly.**

9. Plaintiff refers to Nabil R. Ghawi and the **Defendant, Defendants refers to Jeanine M. Dumont, Heath A. Tiberio, Rebecca Jadach, Quaneshia Daley-Thompson and the law firm of Howard Lee Schiff, P.C. and Citibank, N.A. The term Defendant and Defendants are used interchangeably** (hereinafter "HLS" or "Defendant" or "Defendants"). "

4

The entities/individuals can be used in the singular or plural and can be used interchangeably. It specifically refers to Howard L. Schiff law firm, Citibank, NA, Jeanine M. Dumont, Heath A. Tiberio, Rebecca Jadach, Quaneshia Daley-Thompson. Plaintiff is at a loss as to where the confusion is. There can be no misinterpretation or vagueness as to how terms are used and what they signify. Should Plaintiff not have emphatically emphasized or stressed each single time he used the term/s; that in and by itself does not detract from the argument.

Additionally, in discovery dated February 25, 2015 directed to CIB Plaintiff explains definition of Defendant or Defendants (Dkt entry ¶78 dated March 17, 2015: Exhibit 2 # 1A&1B). There can be no confusion as to whom specifically the Admissions are being directed to.

**Historical review:**

Mr. Ghawi filed this action against HLS et al and Citibank, NA due to the method in which they went about collecting such alleged debt. This suit is not predicated on whether the debt is owed or not. Plaintiff may disagree with certain decisions but that does not obviate the manner in which such strategies and tactics were used to obtain information (which Mr. Ghawi believes to be inaccurate anyway).

The Court has permitted Mr. Ghawi to proceed with his complaint as to certain violations (Judge Arterton Ruling of December 1, 2014). Attorney Dumont attempted to dismiss the suit on all counts. Plaintiff may not agree but accepts the Court verdict as it is premised on the facts presented at that time.

The 26 (f) settlement conference resulted in no settlement. The differences were too far apart. Judge Margolis said the doors would always be open for future attempts at reconciliation. Defendant/s immediately served discovery on Plaintiff. Mr. Ghawi responded to the questions to the best of his ability (Exhibit A to be filed separately). On February 25th, 2015 Mr. Ghawi submitted his discovery to HLS et al as well as CIB individually. The reason why each entity was served individually is precisely because each has critical information that the other may or does not have. That is the reason why the summons were issued to both HLS et al and CIB. Ms. Dumond rejected summons on behalf of CIB as her position was that they are a not a part of CIB but a third party collector hired by CIB to represent them in the state case. Later on January 10, 2014 J. Dumont made an appearance on behalf of CIB (Dkt entry ¶ 44).

Ms. Dumond called Mr. Ghawi to inform him that Citibank NA would be filing for a protective order. Attorney Dumont then told him that his responses to their discovery were insufficient and threatened a motion to compel. She then went on to request for a 60 day extension in which to respond to HLS et al discovery filed by Plaintiff. Mr. Ghawi suggested two weeks would be reasonable. Ms. Dumont did not inform Plaintiff that she was going on vacation. Plaintiff will cooperate with Defendant and Court so that the process moves forward effortlessly and without delay. But there are certain matters that must be addressed; in particular complete disclosure to discovery in good faith.

## II. LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides for liberal discovery. *St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000) (citations omitted). In part, it provides that:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Moreover, Fed. R. Civ. P. 26(b)(1) applies. Courts have interpreted Rule 26 to provide for liberal discovery. *St. Paul Reins. Co.*, 198 F.R.D. at 511 (citing cases). *See also Liberty Mut. Fire Ins. Co. v.Centimark Corp.*, 08CV230-DJS, 2009 WL 539927 (E.D. Mo. Mar. 4, 2009) (holding that Rules 26(b) and 34 provide for broad discovery) (citations omitted). "Thus, as long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed." *St. PaulReins. Co.*, 198 F.R.D. at 511 (citing *M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass. 1984)). *See also Liberty Mut. Fire Ins.*, 2009 WL 539927 (holding that requesting party need only make a "threshold showing of relevance" under Rule 26(b)). The party resisting production bears the burden of establishing lack of relevance or undue burden. *St. Paul Reins. Co.*, 198 F.R.D. at 511 (citations omitted). The objecting party "must demonstrate to

the Court 'that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.'" *Id.* (quoting *Burke v. New York City Police Dep't*, 115 F.R.D. 220, 224 (S.D.N.Y.1987)).

The party resisting discovery must show specifically how each request is overly broad, oppressive, irrelevant or unduly burdensome. *Id.* (citing *Redland Soccer Club v. Dep't of Army*, 55 F.3d 827, 856 (3d Cir. 1995); M*cLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Paulsen v.Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996); *Burns v. Imagine Films Entert., Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996). Indeed, "general objections are not useful to the court ruling on a discovery motion. Nor does a general objection fulfill a party's burden to explain its objections." *Chubb Integrated Sys. Ltd v. Nat'l Bank of Wash.*, 103 F.R.D. 52, 58 (D.D.C. 1984).

As discussed in detail below, Citibank's objections are insufficient. If need be, CIB can respond to such admissions, interrogatories and production of documentation as it relates to the TCPA in which the Court has ruled they may be liable for. Mr. Ghawi below has explained the reason for every admission requested and why they are so important. A blanket protective order would do irreparable damage to the unraveling of the facts as they pertain to the case in general and more specifically as to each count; as many of the responses will have an affect on other issues.

**A. DEFENDANT'S OBJECTIONS:**

8

Citibank's objection that they are not a party to the suit is incorrect. They are a named party and depending on how discovery is replied to will determine whether there are other violations. General objections are insufficient as a matter of law; Citibank must state a specific objection to each item requested. *Creighton St. Joseph Regional Healthcare, LLC v. Lakeland Eng'g Equip. Co.*, 8:07CV113, 2007 WL 4052064, (D. Neb. Nov. 13, 2007) (holding that general objections not related to specific requests were insufficient and ordering defendant to produce requested documents and pay attorney's fees) (citing Fed. R. Civ. P. 34(b)). Consequently, the Court should overrule Citibank's general objections to be insufficient as a matter of law.

A comprehensive protective order would be contrary to the rules of disclosure. It only means that Citibank does not have to testify and disclose information that is central to this suit.  Mr. Ghawi's  requests relate directly to the heart of the Complaint. *St. Paul Reins. Co.,* 198 F.R.D. at 511 (citations omitted). It is a fact Citibank NA had initiated the state suit and it is Citibank NA that made the allegations. So without CIB there would be no case. They are at the very core and the essence of the complaint.


**REASONS ON REQUESTS FOR ADMISSIONS AND DISCOVERY:**


The FDCPA which is an integral part of the complaint is premised on a number of violations (Am.Comp. Dkt ¶ 59) which only Citibank can address. This has implications on TCPA, CUTPA, and other claims towards HLS and employees as well as CIB.

9

The reason for serving separate discovery to HLS and employees as well as Citibank is that throughout state proceeding HLS acted both as counsel, spokesman and witness for CIB. Mr. Ghawi in state discovery and correspondence consistently requested from HLS that CIB respond to questions directly and to be on telephone conference calls, as well as, in Court (Exhibit B to follow in a separate filing). But throughout pleadings CIB had been faceless and invisible. Plaintiff must be afforded the opportunity to question his alleged attacker. HLS cannot continually attempt to camouflage their client by acting as their witness and spokesman. The objective of discovery is to attain the truth.

Reason for request 1:
An admission requested directly from CIB as they are the only party privy to this information. Did CIB retain Solomon and Solomon (S&S)?

Reason for request 2:
A direct question that cannot be replied to by HLS. " Did CIB retain Shermeta, Adams & Von Allmen PC (SAV) as a debt collector to attempt to collect on alleged debt Ac#1181?" This is most pertinent, as HLS could not pursue the debt until Shermeta et al verified debt. That admission will sustain HLS' et al FDCPA violations. Citibank has to answer this question as this is essential evidence that is required.

Reason for request 3:
CIB needs to respond and not HLS on behalf of CIB. True representation is law as articulated in statute CGS Sec 36 a 805(1). This is essential to the complaint as many firms claim ownership or assignment of the very same debt. Burke v

Messerli & Kramer PA , 2010 WL 3167403 ( D. Minn. Aug 9 2010)

Reason for request 4:
Most relevant as CIB is the only party that can respond to this admission. Depending on answer given this will have implications as to violations of FDCPA, CUTPA, state and federal statutes.

Reason for request 5:
Only CIB would know if debt was assigned. This has legal ramifications to determine if debt was auctioned or sold to S&S SAV or HLS.  This would mean debt collectors were misrepresenting that CIB actually was owner of the debt. Overcash v United Abstract group, Inc 549 F Supp 2d 1933 (NDNY 2008).  Chiverton v Fed Fin Grioup Inc, 399 f Supp 2d 96 (D Conn 2005).

Reason for request 6:
Securitization is extremely complicated. It is a process where the debts are bundled together and sold in the open market as securities. A trust is created to be the owner of the securities. CIB is no longer owner of such debt as the debt is sold to the new trustee.

Reason for request 7:
This has financial significance to the amount of debt that is written of as a tax loss.

Reason for request 8:
Most relevant as if CIB received insurance against loss then this affects the collection amount that HLS is pursuing on behalf of its client

Reason for request 9:
A bailout from the government means that HLS is attempting to collect funds that do not reflect this benefit

Reason for request 10:
Only CIB would be able to respond to such an admission; that has wide ranging implications especially as to TCPA.

Reason for request 11:
CIB is a named party and TCPA does not exempt creditors. All calls made by CIB on ATDS (automated telephone dialing system) are subject to this statute. HLS may not be liable for actions perpetrated by CIB prior to their being retained as counsel but CIB is certainly responsible for its own actions. The fact is over 211 automated calls were made by CCI (Exhibit C to follow as Plaintiff is still researching and believes there may be many more calls). This goes to the heart of Plaintiffs complaint.

Reason for request 12:
Important as this will indicate which numbers were disclosed to other entities and therefore which numbers so called third parties had in their possession. This has implications across the board.

Reason for request 13:
If CIB did not disclose my number to HLS then how did HLS get my contact information? This is essential as TCPA contains a "prior consent clause".  This is significant as to TCPA, CUTPA, FDCPA etc.

Reason for request 14:
Should CIB not have refused direct contact with Mr. Ghawi then HLS would have omitted to state that fact.  Why did CIB never discuss debt with Plaintiff even though Plaintiff made

good faith efforts to communicate directly with purported creditor?

Reason for request 15:
Mr. Ghawi wrote to Mr. Goldberg at Citibank headquarters (Exhibit D to be filed separately) and left messages with other CIB officers. If HLS were truly counsel to CIB then they would have a record of such letters. Neither CIB nor HLS addressed my requests.

Reason for request 16:
Only CIB would be able to answer this admission. HLS cannot be counsel and witness simultaneously. This question is directed to CIB as response has consequences that affect other aspects of the suit.

Reason for request 17:
Only CIB would have this information. Does HLS have discretion or power of attorney from CIB? HLS would have made a decision without consulting their client CIB.

Reason for request 18:
When even basic documentation is not available then there are TCPA, FDCPA, CUTPA & other violations.

Reason for request 19:
Please refer to 18 above.

Reason for request 20:
Plaintiff has a record of 211 calls that CIB initiated that he can account for presently (Exhibit C to follow). TCPA applies to creditors. Discovery is the process within which facts can be disclosed.

Reason for request 21:

TCPA prohibits leaving recorded messages to Plaintiffs' residence or cell phone. The only party that can vouch for their own actions is the party that committed the action.
Plaintiff can make allegations and statements based on the documentation and information he has. Unless Citibank can negate such information then its silence can only mean consent. Obviously, a protective order would not permit for such important information to be divulged and Plaintiff would be at a distinct disadvantage.

### Further Discovery:

Interrogatories and request of production are all requisite to validate and substantiate Plaintiffs arguments. They are essential in all the counts; especially the TCPA. The Interrogatories and the request for production are directed to CIB. The creditor does not have immunity from TCPA. The creditor is accountable for their own actions and for the actions of their attorney, HLS. At a minimum CIB should address the TCPA admissions, interrogatories and request for production.

**REPLY TO EXHIBIT 1 AS PRESENTED BY DEFENDANT:**

Mr. Ghawi agrees entirely with the ruling as stated in the introduction of Exhibit 1 presented by HLS and is included in their motion for protective order (Dkt entry 78). It states:

" In this declaratory Ruling, we address a Petition for Expedited Clarification and Declaratory Ruling filed by ACA International (ACA).  In this ruling, we clarify that autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with

an existing debt are permissible as calls made with the "prior express consent" of the called party."

Additionally Mr. Ghawi wholeheartedly agrees with the conclusion as adopted :
" IT IS FURTHER ORDERED that the Request for Clarification filed by ACA International in CG Docket 02-278 on October 4, 2005 and supplemented by ACA on April 26, 2006, IS GRANTED insofar as ACA seeks clarification that autodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the "prior express consent" of the called party, AND in all other respects, IS DENIED."

Mr. Ghawi would like to use this Exhibit1 included by Ms. Dumont in his argument/s. Apparently, the clarification as requested by ACA (a lobby group of creditors) was made as they had a problem with the specific wording of the Statute. The wording is precise and exact and the FCC reaffirmed their position.

## CONCLUSION:

     For Citibank not to respond to discovery would be detrimental to Mr. Ghawi. CIB should not be allowed to escape their responsibility as a named Defendant as it has direct implications on all parties involved. The disclosure of the facts is what discovery is all about; namely to get to the truth. CIB has much information that is necessary for revelations that are critical. Certainly an overall protective order would mean that HLS would be replying on behalf of CCI and defeat the purpose of admissions, interrogatories and request for production.

Citibank is central to the complaint. HLS is merely the intermediary and alleged legal representative. HLS would not be involved had it not been for Citibank. For HLS to attempt to continually remove CIB from the picture is unconscionable. All entities named are liable and to dismiss the action of one would have ripple effects.

For the reasons stated, Plaintiff respectfully requests the Court grant the Motion to Compel and overrule Citibank's objections and require them to produce, by a date certain, all discovery responses.

Respectfully submitted,

Plaintiff
March 24, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2015 I electronically filed (and sent by postage prepaid) the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to the following:
Citibank, NA
Jeanine M. Dumont, Attorney
510 Tolland St
East Hartford, CT 06108