UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EXHIBIT A

NABIL GHAWI )
   Plaintiff )
 ) CIVIL ACTION NO. 3:13 CV 115 (JBA)
 )
v. )
 )
 )
LAW OFFICES HOWARD LEE SCHIFF P.C., et al )
   Defendants )

*March 10, 2015*
~~JANUARY 19, 2015~~

*Integrated Responses*

## REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 33, 34 and 36, defendants, LAW OFFICES HOWARD LEE SCHIFF P.C., JEANINE M. DUMONT, HEATH A. TIBERIO, REBECCA JADACH and QUANESHIA DAILEY-THOMPSON, hereby requests that the plaintiff, NABIL GHAWI, answer the following Requests for Admissions, Interrogatories and Requests for Production, within 30 days:

### DEFINITIONS AND INSTRUCTIONS

A.    As used herein, the term "document" includes, without limiting the generality of its meaning, all originals or copies where originals are unavailable, and non-identical copies (whether different from originals by reason of notation made on the copies or otherwise), of all written, recorded or graphic matter, however produced or reproduced, of correspondence, pleadings, emails or electronic messages, telegrams, sound or video recordings of any type of conversation, meeting, or conference, minutes of meetings, memoranda, interoffice communications, studies, analyses, reports, summaries and results of investigations and tests, reviews, contracts, agreements, working papers, tax returns, statistical records, ledgers, books of account, vouchers, bank checks, bank statements, invoices, receipts, computer data, stenographers notebooks, manuals, directives, bulletins, desk calendars, appointment books, diaries, maps, charts, photographs, plaques, drawings or other graphic representations, logs, investigator's reports, or papers similar to any of the foregoing, however denominated.

B.    Any person or entity referred to shall include, in addition to that person or entity, his, her, or its officers, directors, agents, employees and representatives.

C.    Unless otherwise specified, the scope of discovery is from January 1, 2011 to the present.

D.    If the Interrogatory or Request for Production calls for information or documentation which you do not have, please state **that you do not have the information or**

documentation, the reason why you do not have the information or documentation, and indicate who or what has the document or information that is requested.

E.     As used herein, the term "and" as well as "or" shall be construed either disjunctively or conjunctively as is necessary to bring within the scope of these requests any and all documents which might otherwise be construed to be outside their scope.

F.     As used herein, "Amended Complaint" shall refer to the Amended Complaint filed by Plaintiff in this action on or about March 13, 2014.

G.     As used herein, the FDCPA shall refer to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, or any part thereof.

H.     As used herein, the TCPA shall refer to the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*, or any part thereof.

I.     The "debt" shall refer to the balance due and owing plaintiff on his Citibank Platinum Select MasterCard with an account ending in #1181 which was charged off by Citibank in February 2011.

J.     "The Superior Court Action" shall refer to the suit commenced the Superior Court of the State of Connecticut, Judicial District of Stamford, by return date of April 10, 2012, bearing civil docket number, CV 12 6013616S, and entitled, *Citibank, N.A. v. Nabil R. Ghawi*.

*******************************************************************************

**Request for Admission 1:** Do you admit that the letter dated July 9, 2011, attached hereto as **Exhibit 1,** is a true and correct copy of a letter you received from the Law Offices Howard Lee Schiff in July 2011?

**1.     Request for Admission : Admitted.**

**Interrogatory 1:** If your response to Request for Admission 1 was anything but a complete, unqualified admission of said Request for Admission, please state when you received the letter dated July 9, 2011.

**1.     Interrogatory: Not Applicable**

**Request for Production 1:** If your response to Request for Admission 1 was anything but a complete, unqualified admission of said Request for Admission, please produce a copy of the July 9, 2011 which you received from the Law Offices Howard Lee Schiff.

2

# 1.   Production:   Not Applicable

**Request for Admission 2**: Do you admit that the letter stating "Faxed on August 28th, 2012" attached hereto as **Exhibit 2**, is a true and correct copy of the letter which you sent to the Law Offices Howard Lee Schiff on or about August 28, 2012?

# 2.   Not relevant but admitted.

**Interrogatory 2**: Please state when you first requested validation of the debt from the Law Offices Howard Lee Schiff as referenced in your Amended Complaint dated March 12, 2014 at ¶14.

2.   Interrogatory: Object as not relevant to complaint. Notwithstanding I have requested validation from the Defendant many times.

**Request for Production 2**: Please produce a copy of each and every letter or other document which you claim supports your allegations that plaintiff requested validation of the debt at any time after July 9, 2011, including, but not limited to a copy of the letter you claim that you sent defendants on or about July 15, 2011 and any proof that you have that any or all of these letters were sent and/or received by defendants.

2.   Production:   Object as not relevant to complaint. This is not relevant, as complaint is not predicated on validation of debt. Since two prior law firms had not validated debt then HLS was violating federal and state laws ( Exhibit 4) when they initiated contact with Plaintiff (Exhibit 1). Notwithstanding validation of debt was requested from inception and from then on ( Exhibit 2 ).

**Request for Admission 3**: Do you admit that plaintiff never requested that defendants cease calling him?

# 3.   Request for Admission:   Deny

**Interrogatory 3**: If your response to Request for Admission 3 was anything but a complete, unqualified admission of said Request for Admission, please state the following:
(a) Each and every instance in which you requested that telephone calls stop, including the date, time and the name of the person you spoke to at defendant's law office;

(b) Describe what you stated to defendant(s) which was intended to convey that telephone calls were to cease; and
(c) Please state each and every instance in which you claim that you were called at usual time or place or a place know or which should be known to be inconvenient as alleged in the Amended Complaint at ¶20.

3. Interrogatory: a) I did not take notes on every occasion I requested calls to stop but I recall informing all parties that contacted me that my home/office landline and cell phones rang simultaneously and b) it was inconvenient for me to be interrupted while working (c) I have attached a record of calls received (Exhibits 3). Every call was inconvenient as I felt pressure being applied when I did talk to a representative and was detracted from my work when automated messages were left. All calls were initiated by an ADS (Automatic Dialing System) and therefore by definition violated a number of laws.

**Request for Production 3**: Please produce all letters or other documents which you claim support your allegations that you were called by defendants after you requested no more telephone calls and/or that you were called at an usual time or place or a place know or which should be known to be inconvenient as alleged in the Amended Complaint at ¶20.

3. Production: Most of the requests were verbal but the July 19th letter (Exhibit 2) requesting validation of debt clearly requests that all communication be in writing. All other written communication may not spell out that correspondence be in writing but clearly alludes to that. Please see Attached Exhibits 3 that show some of the incoming calls from HLS. These were automated robo calls that would leave a "canned" message (usually cut off) if not picked up and if answered the same canned message was relayed. ( Please see HLS own Exhibits 2 & 6 for further validation that Plaintiff wished to have written documentation).

**Request for Admission 4**: Do you admit that the letter stating "Faxed to 860-528-7602 on September 3, 3012" attached hereto as **Exhibit 3**, is a true and correct copy of a letter you sent to defendants on or about September 3, 2012?

4. Request for Admission: Object as not relevant to case as complaint is not based on alleged debt but on the method of collection. Notwithstanding, letter may be a copy.

**Interrogatory 4:** Please list each call which you claim was made in violation of the FDCPA, and include in your answer: (a) the date and time of each call; (b) the telephone number to which the call was made; (b) whether the call was made to a cell phone or a non-cell phone number; and (c) the carrier who provided your cell phone or phone service for each such call made to

you.

4. Interrogatory: Please refer to Exhibits 3 which is a detailed history of calls with time and date. Although the number called may have been 203-531 5122 I am able to pick up the call on any one of my 2 other cell phones which ring simultaneously. The carrier is Cablevision which provides my VOIP service which courts have ruled falls within the definition of TCPA (FCC) as equivalent to a cell phone purposes for the act.

**Request for Production 4:** Please produce copies of all cell or non-cell phone bills showing calls which were made on the dates on which you claim calls were made to you by defendants in violation of the FDCPA.

# 4. Production:   Attached Exhibit 3.

**Request for Admission 5:** Do you admit that the letter dated September 8, 2012 attached hereto as **Exhibit 4,** is a true and correct copy of a letter you sent to defendants on or about September 8, 2012?

5. Request for Admission:   Object as not relevant to suit as complaint is not based on alleged debt but on the method of collection.

**Interrogatory 5:** Please list each call which you claim was made in violation of the TCPA, and include in your answer: (a) the date and time of each call; (b) the telephone number to which the call was made; (b) whether the call was made to a cell phone or a non-cell phone number; and (c) the carrier who provided your cell phone or phone service for each such call made to you.

# 5.   Interrogatory:   Please refer to Exhibit 3.

**Request for Production 5:** Please produce copies of all cell or non-cell phone bills showing calls which were made on the dates on which you claim calls were made to you by defendants in violation of the FDCPA.

5. Production:   Refer to Exhibit 3. My provider is a VOIP (voice over internet protocol) which the courts have ruled is equivalent to a cellular phone as far as definition of the TCPA is concerned. Additionally I had informed you that my cell phone is tied in with my 203-531 5122 and calling that number was equivalent



to ringing my cell number which rings simultaneously and I can respond on either phone. I cannot differentiate on which phone I have responded to according to the records but the phone company keeps a record of any call received.

**Request for Admission 6**: Do you admit that the letter dated September 17, 2012 attached hereto as **Exhibit 5,** is a true and correct copy of a letter you sent to defendants on or about September 17, 2012?

6. Request for Admission: Object as not relevant. Notwithstanding letter appears to be a true copy. Upon rereading the letter I reiterate my position which did not change. I do not think there can be any doubt that I would like communications to be in writing (Exhibit 5) (Exhibit 6).

**Interrogatory No. 6:** Please list each and every telephone number you have had or used from January 1, 2011 to the present time, and for each number, indicate: (a) whether the number is for a cell phone or a non-cell phone; (b) whether the number is for personal or business uses; and (c) whether you have provided the number to Citibank and/or defendants for calls relating to this debt.

6. Interrogatory: 203-531 5122 is a Voip residential line that is used by home/office. I have an 800-474 4294 which is only released to a few preferred individulas as I am charged on every incoming call. This 800 number is forwarded to my 203-531 5122 number. My other mobile numbers are 203-829 7841 and 203-718 8906 (in past I had 202-999 5432). I have had many cell phones over the years. My business requires much travel and all phones are tied in together so that they all ring simultaneously and not forwarded (except for 800#) so that I can pick up on any line. Usually it is a cell line especially when away from my home/ office. Fortunately, no matter which phone I pick up a record has been kept by my telephone provider (Exhibit 8). None of these numbers were ever disclosed to Citibank NA or HLS.

**Request for Production No. 6:** Please produce all documents which support your response to Interrogatory No. 5 and/or show that your telephone number(s) were for business or personal use.

6. Production: My telephone is listed as a residential line. Since I am a solo practitioner and my business is a personal one there is no way to separate the calls individually. Suffice it to say that all incoming calls are directed to me personally and all phones are in my personal name.

**Request for Admission 7**: Do you admit that defendants do not control what appears as caller identification on your phone(s)?

7. **Request for Admission:** I deny as I have no control over the Defendants phone systems and policies on calling.

**Interrogatory 7:** If your response to Request for Admission 7 was anything but a complete, unqualified admission of said Request for Admission, please state the following:
(a) Each and every reason for your response;
(b) Describe each and every witness with information supporting or tending to support your response, including the name, address and telephone number of each witness; and
(c) Describe each and every document in your possession and control supporting or tending to support your response.

7. **Interrogatory:** There is no way that I can keep detailed records of Defendants outgoing calls. They would have that information. All I know is that on a number of occasions telemarketer appeared on caller ID as well as occasionally blocked/private number; additionally sometimes nonsensical numbers appeared on caller ID. Even recently when Ms. Dumond called me a number of times the caller ID showed 4 or 5 digits and definitely not a number indicting a valid telephone number or name of HLS

**Request for Production 7**: If your response to Request for Admission 7 was anything but a complete, unqualified admission of said Request for Admission, please produce each and every document that supports or tends to support your response thereto.

7. **Production:** Defendant's forthcoming responses to Plaintiff's requests for admission, interrogatory and production should reveal the truth as the records are in the possession of HLS.

**Request for Admission 8:** Do you admit that each time that the Law Offices Howard Lee Schiff called you, the caller indicated his or her name and that he or she is calling from the Law Offices Howard Lee Schiff?

8. **Request for Admission:** Denied absolutely.

**Interrogatory 8:** If your response to Request for Admission 8 was anything but a complete, unqualified admission of said Request for Admission, please state the following:
(a) Each and every reason for your response;
(b) Describe each and every witness with information supporting or tending to support your

7

response, including the name, address and telephone number of each witness; and
(c) Describe each and every document in your possession and control supporting or tending to support your response.

8.   Interrogatory:   My discovery should reveal the facts. HLS should have records of all the outgoing calls made to me. I retrieved records from my phone company and it only shows the incoming calls made by HLS as disclosed in Exhibits.

**Request for Production 8:** If your response to Request for Admission 8 was anything but a complete, unqualified admission of said Request for Admission, please produce each and every document that supports or tends to support your response thereto.

8.   Production:   See exhibits and above 7 response. Defendants responses to Plaintiff's requests for admission, interrogatory and production and are in possession of HLS should be disclosed by Defendant.

**Request for Admission 9:** Do you admit that the letter dated October 22, 2012 attached hereto as **Exhibit 6** is a true and correct copy of a letter you sent defendants on or about October 22, 2012?

9.   Request for Admission:   Object as not relevant. Notwithstanding letter appears to be a true copy.

**Request for Admission 10:** Do you admit that attached hereto as **Exhibit 7** is a true and correct copy of the Appearance which you filed in the Superior Court action?

10.   Request for Admission:   Object as not relevant. Notwithstanding Exhibit 7 appears to be a copy of my appearance.

**Interrogatory No. 9:** In your Amended Complaint at ¶ 40, you allege that "[d]efendnat made the calls to Plaintiff willfully and knowingly after the first call." Please state which defendant you are referring to and please state each and every fact which you claim supports your allegations that the defendant's conduct was "willful" and "knowing."

8

9.        Interrogatory:    Since your phone system is automated ; these are robo calls with a machine calling and scripted automated messages left or if one picks up then one has to wait until a human being takes over the call. All named parties are responsible.

**Request for Production No. 9:** With reference to your allegation in ¶40 of your Amended Complaint, please produce each and every document which you have which supports your allegations that the defendant's conduct was either willful or knowing.

9.        Production:       The first call can be accidental but after that by definition calls are made willingly and knowingly. I have no idea who is calling since a machine leaves an automated message and if I should pick up I never know who the party at the other might be.

**Request for Admission 11:** Do you admit that on June 21, 2012, you left a voice mail message requesting that defendants continue to call you on your home phone number because you were causing all of the calls to your home phone number to be transferred to your cell phone because you were not at home?

11.       Request for Admission:    I have no idea whether I left a message on June 21, 2012. Apparently you claim you have a copy of a recording. That should have been produced by now. Please send me the taped message. In any case, this will be requested during discovery if it is not sent immediately.

I know that at one point I had attempted to find an agreeable resolution and there were several attempts to end suit but that would have been the only reason I may have left such a message and it was only for that purpose alone and not a carte blanche to call me ad infinitum (Exhibit 7). I need to listen to message as it could be taken out of context. In any event calls made according to Exhibit 3 were made prior to the date of June 12, 2012. It appears that to avoid a time consuming legal battle I attempted a last ditch offer to end the differences. I had informed Ms. Daily-Thomson that my time was valuable and I did not have time to fight a law firm and an institution such as Citibank; it would cost me much more than paying them to get them off my back as the time and effort to come up against such forces would be most distressing. If I recollect correctly instead of getting back to me with a counter offer or an explanation the response was issuing a summons and the filing of a complaint.

**Interrogatory No. 10:** If your response to Request for Admission 11 was anything but a

complete, unqualified admission of said Request for Admission, please describe the voice mail message which you claim you left for defendants on June 21, 2012?

> 10. Interrogatory: There is no way for me to remember every conversation, message or communication I had several years ago. My objective at the time was to get on with my life and spend as little time as possible on non-productive activities. I certainly did not keep detailed notes with an intention of a long drawn-out legal battle.

**Request for Production No. 10:** Except as otherwise produced herein, please produce a copy of each and every letter which you claim you sent defendants between January 1, 2011 and the time of the commencement of this suit.

> 10. Production: Object as not relevant. Notwithstanding all relevant correspondence and documents that have a bearing on the case will be produced at the right time. This lawsuit is predicated on FDCPA, TCPA, CUTPA etc. which are a consequence of the actions of HLS and Citibank NA and not on the debt itself.

**Request for Admission No. 12:** Do you admit that you never indicated to any one calling from the Law Office Howard Lee Schiff that the calls were inconvenient?

> 12. Request for Admission: Denied. On the contrary I recall informing Ms. Dumont on several occasions when I was traveling on business that is was not suitable for me to speak especially since I was on my cell phone and I was trying to make a living.

**Interrogatory No. 11:** If your response to Request for Admission 12 is anything but a complete, unqualified admission of said Request for Admission, please state the following:
(a) Each and every instance in which you stated that the calls were inconvenient, including the date and time of each call, and the name of the person to whom you were speaking.
(b) Please state what you said to the caller; and
(c) Please state why you claimed that these calls were inconvenient.
SHOULD BE INTERRATORY 11:

> 10. Interrogatory: It is impossible for me to admit truthfully as to every instance, day and time of every call and what was said exactly. Please refer to above response. Suffice it to say that all calls made from HLS were inconvenient as their purpose was nothing more than to collect on an alleged and disputed debt.

10

**Request for Admission No. 13:** Do you admit that the telephone number 203 531 5122 is a land line or a non-cell phone number?

NOT ANSWERED

**Request for Admission No. 14:** Do you admit that the telephone number 203 531 5122 is a business telephone number?

> 14.   Request for Admission:   Denied with an explanation. The 203-531 5122 is a home/office line that is used by me in my private practice which encompasses personal, business and other issues. It is listed as a VOIP residential line (which according to TCPA is within their definition of a regulated line) in my personal name. All my lines are attached to that number. They are not forwarded but all phones ring simultaneously and I can pick up any one of the phones.

**Interrogatory No. 12:** Please list all telephone numbers that you use or give out, and include in your response (a) whether the telephone number is a land line or non-cell phone number, or a cell phone; (b) whether the phone number is for personal, home, or business use; (c) whether calls to that number are automatically sent to a cell phone number from each number; and (d) the name of the customer, person or entity which appears on the telephone account for each telephone number.

> 12.   Interrogatory:   Once again my 203-531 5122 is my main line which I give out as my cell number as when it rings (calls not forwarded) so do all my mobile phones (which have changed over the years ). This reduces the inconvenience of friends, family, clients, and business colleagues etc, to maintain several numbers. My personal name appears on all numbers that I have including an 800 number as well as my present mobile numbers of 203-829-7841 and 203-718 8906 and other numbers that have changed over the years.

**Request for Production No. 12:** Please produce all telephone records relating to the telephone number 203 531 5122.

> 12.   Production:   Exhibit 3 show all the numbers that came in from HLS. They are the numbers listed to the right and can be traced to HLS. I am in the process of completing my investigation as to other numbers used.

**Request for Production No. 13:** Please produce a copy of all records of "countless calls"

11

which you claim that you received from the defendants between January 1, 2011 and the commencement of this suit which you claim were made in violation of 15 U.S.C. §1692d(5).

 13. Production: Please refer to Exhibits. The TCPA is a four statute, the FDCPA 1 year and CUTPA 3 years.

**Interrogatory No. 13:** Please describe all "actual damages" you claim that you have suffered as a result of the alleged conduct by defendants herein, and include in your answer: (a) the type of damage you claim; and (b) the amount of damages you are claiming.

 13. Interrogatory: Defendants have a preliminary damage report. Suffice it to say that the time for me to study and research the complicated laws have taken away from my business caused me sleepless nights and health issues. One cannot measure such damages purely in monetary terms. Any dollar number is not sufficient to compensate me.

**Request for Production No. 14:** Please produce all documents which support your claim for "actual damages" as described in Interrogatory No. 13 above.

 14. Production: Every individual measures such actual damages in many different ways. I leave it to the discretion of the court to come with a dollar figure as to me my time and health are priceless.

**Interrogatory No. 14:** Please describe all "statutory damages" you claim, and include in your answer: (a) the statute you rely upon for each claim of damages; and (b) the amount of damages you are claiming.

 14. Interrogatory: They have been spelled out in the complaint and in detail in the motion for summary judgment. A damage report has been given to Ms. Dumont.

**Request for Production No. 15:** Please produce all documents which support your claim for "statutory damages" as described in Interrogatory No. 14 above.

 15. Production: Statutory damages are in the damage report and more specifically in the complaint and will be displayed in detail when research and investigation is completed

**Interrogatory No. 15:** Please describe all "punitive damages" you claim, and include in your answer: (a) the authority you rely upon for each claim of damages; and (b) the amount of damages you are claiming.

15.    Interrogatory:    See above response 15. Applies to punitive damages as well.

**Request for Production No. 16:** Please produce all documents which support your claim for "punitive damages" as described in Interrogatory No. 15 above.

16.    Production:    See above.

**Interrogatory No. 16:** Please state whether you have recordings of any calls which you claim were made to you by defendants in violation of the FDCPA or TCPA, and include in your response: (a) the manner or method of recording each call; (b) the name of the person or entity which recorded each call; and (c) the location of each such recording at the present time.

16.    Interrogatory:    Included on my hard drive from messages left. I only have the recordings, which were left, on my voice box. Unlike HLS I do not record my conversations as words can be taken out of context. That is why I have requested that HLS correspond with me in writing.

**Request for Production No. 17:** Please produce a copy of any and all recordings of telephone calls which you currently have in your possession.

17.    Production:    In Exhibits. Please provide email so I can forward as attachments. In previous communications I had listed each call in detail and why it was a violation. It is with Defendant and can be found in the court pleadings.. Similarly I request that all records in your possession be delivered to me.

**Interrogatory No. 17:** Attached hereto as **Exhibit 8** is a document which was attached to your Amended Complaint as "Exhibit 1D." Please describe what this document is and include in your response: (a) who provides the information on this document; (b) what "Optimum" or "Optimum Voice" means; (c) what the listing provided shows; (d) what are the inbound and outbound telephone numbers; and (e) whose number is 860 888 1798.

17.     Interrogatory:     Your Exhibit 8 has been selectively chosen and accompanying paperwork was omitted. Consequently, this not an accurate picture. I had submitted complete Exhibits of phone logs with notes. I am now sending you an updated record. The outbound calls are of no significance to my suit. The number displayed in defendant's Exhibit 8 is 860 882 1798 and not 860-888 1798. That number is or was an HLS number. I shall send more comprehensive evidence. This would only be a partial list as going through hundreds if not thousands of documents and telephone numbers is a painstaking process.

**Interrogatory No. 18:** Attached hereto as **Exhibit 9** is a document which was attached to your Amended Complaint as "Exhibit 2." Please provide the date of the statement on which this notice appeared.

18.     Interrogatory:     The statement is just prior to 02/22/2010 as is shown under account terms in the statement. You claim you have all the statements which I do not.

**Interrogatory No. 19:** With reference to **Exhibit 9** attached hereto, please state whether the telephone number 203 532 9459 is or was a cell phone number; (b) who is named on the account as to the holder of this telephone number; and (c) whether telephone calls placed to this number were forwarded to 203 531 5122.

19.     Interrogatory:     Object as this is completely irrelevant. The only reason for that Exhibit was to show that I had not released the number 203-531 5122 to either HLS or Citibank.

**Interrogatory No. 20:** With reference to **Exhibit 9** attached hereto, please state whether the telephone number 203 930 6063 is or was a cell phone number; (b) who is named on the account as to the holder of this telephone number; and (c) whether telephone calls placed to this number were forwarded to 203 531 5122.

20.     Interrogatory:     Object as this is completely irrelevant. The only reason for Defendant's Exhibit 9 was to show that I had not released the number 203-531 5122 to either HLS or Citibank .

DEFENDANTS

/S/*Jeanine M. Dumont*
Jeanine M. Dumont, Bar No. ct 05021

Law Offices Howard Lee Schiff PC
510 Tolland Street
East Hartford, Connecticut 06108
Telephone (860) 528 9991
Fax (860) 528 7602

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing and any attachments hereto were mailed on JANUARY 19, 2015 to the following counsel of record:

**DEFENDANT**
NABIL GHAWI
14 HAWTHORNE ST S #A
GREENWICH, CT. 06831

/S/*Jeanine M. Dumont*
Jeanine M. Dumont

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**