## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

NABIL GHAWI  CIVIL ACTION NO. 3:13 CV 00115 JBA
    Plaintiff

vs

LAW OFFICES HOWARD LEE SCHIFF P.C.
JEANINE M. DUMONT, HEATH A. TIBERIO,
REBECCA JADACH, QUANESHIA DAILEY-
THOMPSON
    Defendants  APRIL 28, 2015

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL RESPONSES

Defendants hereby submits the following Memorandum of Law in Support of its Objection to the plaintiff's Second Motion to Compel dated April 20, 2015:

I. **Background**

This is an action by a consumer, NABIL GHAWI, claiming violations of the FDCPA and the TCPA. Mr. Ghawi's Amended Complaint dated March 12, 2014 ["Amended Complaint"] alleged violations of the FDCPA, TCPA, CUTPA and others claims against the Law Offices of Howard Lee Schiff and its employees. There are no factual or legal allegations directed to defendant, Citibank, N.A.

Defendants moved to dismiss the complaint, and this Court (Arterton, J.) dismissed all of the Counts except the FDCPA, TCPA and CUTPA. It is not clear that Citibank, N.A. remains a defendant in this action following this Court's ruling on the Motion to Dismiss.

Plaintiff served Requests for Admissions, Interrogatories and Requests for Production on

the Schiff Law Office, Jeanine Dumont, Heath Tiberio, Rebecca Jadach and Quaneshia Dailey-Thompson by date of February 25, 2015. Defendants promptly drafted a preliminary set of responses and served them on plaintiff on March 17, 2015. Defendants also sought and received an extension of time to April 25, 2015 to fully respond to this discovery. By date of April 24, 2015, the Schiff Law Office and its employees served complete responses to Mr. Ghawi's February 25, 2015 Requests for Admissions, Interrogatories and Requests for Production.

Plaintiff simultaneously served Requests for Admissions, Interrogatories and Production directed to Citibank, N.A. on February 25, 2015. These are extensive discovery requests which seek information well beyond the TCPA claim in Count II even if we assume that Citibank remains a party as to that Count. Such questions are nothing more than a fishing expedition by the plaintiff with respect to other claims or unalleged claims herein.

As a result, Citibank, N.A. moved for a protective order under the provisions of Fed. R. Civ. Proc. 26 on March 17, 2015. This Court has yet to rule on this Motion. However, Mr. Ghawi filed a "First Motion to Respond to Discovery on Citibank N.A." on March 25, 2015 claiming that Citibank should be compelled to comply with discovery. Defendants responded to this Motion with a Memorandum in Opposition filed on April 14, 2015. Mr. Ghawi has now filed a "Second Request to Compel Citibank, NA to Address Discovery and Objection to Defendant's Opposition to Motion to Compel" on April 20, 2015. Defendants now respond to this "Second" Motion by Mr. Ghawi.

In his "Second" Motion, Mr. Ghawi asserts:

- **CITIBANK SHOULD NOT BE REQUIRED TO ANSWER DISCOVERY IF IT IS NOT A PARTY TO THIS ACTION:** Plaintiff argues that, "[Citibank] should admit or deny TCPA related enquiries and most certainly they should not be afforded complete immunity." *"Second" Motion at 1.* There is no request for "immunity" here for Citibank. If Citibank is not a party to this action, it should not be required to answer discovery directed by Mr. Ghawi. However, if Citibank is a party, this appears to be an admission that Citibank is only required to respond to discovery which relates to the TCPA claims by Mr. Ghawi.

- **PLAINTIFF RECKLESSLY ACCUSED DEFENDANTS' COUNSEL OF "CONCEALING" CITIBANK:** Mr. Ghawi accuses the undersigned of attempting to "conceal CIB from the very inception of the state action." *"Second" Motion at 2.* This claim is being recklessly asserted by Mr. Ghawi and constitutes nothing more than his personal attacks on the undersigned. There never has never been any effort to "conceal" Citibank. Citibank is represented by counsel, and as such, Citibank has no obligation to be present or involved in any way in any action except through counsel or as ordered by the Court. Mr. Ghawi fails to understand the nature of the attorney client relationship and what representation means. There was no evidentiary hearing with witnesses which required Citibank to send a representative to testify—but he makes it seem that the Schiff Law Office "testified" in Court on behalf of Citibank—which is false. Mr. Ghawi makes these reckless, unfounded accusations that are offensive and demeaning, and have no relevance to this case.

- **PLAINTIFF FALSELY ACCUSED DEFENDANTS OF "OBSTRUCTING DUE PROCESS:"** The Schiff Law Firm is not "obstructing due process." *"Second" Motion at 2.* The Schiff Law Firm was initially not authorized to accept service of process by Citibank. Citibank is a large institution with procedures in place for service of process, and the process must be handled correctly to ensure that it is properly received, processed and managed. The Schiff Law Office was not authorized to do so on behalf of Citibank, and therefore, the Schiff Law Office could not agree to accept service of process from Mr. Ghawi. Mr. Ghawi complains that the action was delayed "several months," but the truth is that Mr. Ghawi failed to serve a waiver of service pursuant to the provisions of Fed. Rule Civ. Proc. 4(d) which might have avoided the costs of service entirely.

- **PLAINTIFF'S FAILURE TO COMPLY WITH RULE 37 REGARDING GOOD FAITH EFFORT TO RESOLVE DISCOVERY DIFFERENCES BEFORE FILING A MOTION TO COMPEL:** Mr. Ghawi claims that the discovery answered by the

Schiff Law Office, Heath A. Tiberio, Rebecca Jadach and Quaneshia Dailey-Thompson was not answered properly. *"Second" Motion at 2.* However, Mr. Ghawi has failed to comply with Rule 37 of the Local Rules for the District of Connecticut by making any good faith effort to eliminate or reduce the areas of controversy *before* filing the Motion to Compel.

- **PLAINTIFF CONFUSES DEFENDANTS' DISCOVERY RESPONSES:** Mr. Ghawi appears to be conflating the discovery served on the Schiff Law Office and the discovery served on Citibank. *"Second" Motion at 2-3.* It appears that Mr. Ghawi is re-asserting his claims that Citibank should answer discovery—which arguments were raised in his first "Motion to Compel" and the defendant's Motion for Protective Order filed on March 18, 2015.

- **PLAINTIFF HAS NO RIGHT TO RAISE NEW CLAIMS OF VIOLATIONS BY A MOTION FOR SUMMARY JUDGMENT:** Mr. Ghawi makes the misguided argument that he is entitled to raise "new violations" in a Motion for Summary Judgment. *"Second" Motion at 3-4.* There is no authority that permits Mr. Ghawi to do so. Mr. Ghawi's claims are limited to those raised in his Amended Complaint.

- **PLAINTIFF SERVED DEFENDANTS COLLECTIVELY WITH DISCOVERY AND ANSWERED IN THE SAME MANNER:** Mr. Ghawi argues that "HLS is not the only defendant." *"Second" Motion at 4.* There has been no claim that the Schiff Law Office is the sole defendant in this action. However, Mr. Ghawi served discovery collectively on the Schiff Law Office and its employees. Separate copies were not provided, and there was no notice that each defendant would be required to answer separately. Therefore, the Schiff Law Office and their employees responded collectively to the discovery requests. It is not know why Mr. Ghawi believes that this is incorrect.

- **MR. GHAWI CONFUSES DEFENDANTS' GOOD FAITH EFFORTS TO RESOLVE DISCOVERY DIFFERENCES AS HIS OWN EFFORTS TO RESOLVE DISCOVERY DIFFERENCES:** Mr. Ghawi claims that he has made good faith efforts to resolve discovery. *"Second" Motion at 4.* This claim is false. The undersigned contacted Mr. Ghawi to discuss ***plaintiff's responses to discovery which were incomplete and insufficient. Moreover, Mr. Ghawi seems to have forgotten that the Schiff Law Office had an extension of time to April 25, 2015 to provide complete responses to his discovery.***[1] Nonetheless, Mr. Ghawi

---

[1] By date of March 17, 2015, the Schiff Law Office served a preliminary set of responses to Mr. Ghawi's Requests for Admissions, Interrogatories and Requests for Production. At the same time, defendant moved for an extension of

4

never contacted the undersigned seeking to resolve any responses given by defendants. Indeed, he claims that he was "threatened." This is a good example of Mr. Ghawi twisting what is said to suit his purposes and complain about the undersigned—for no good reason. The undersigned politely informed Mr. Ghawi that it would be preferable to try to resolve our differences to *avoid having to file a motion to compel.* This is the reason for Rule 37—to encourage the parties to cooperate and avoid a motion to compel. Mr. Ghawi sees that as a **threat**. It is curious, but in this case, Mr. Ghawi has now filed two motions to compel against defendants—and he has never complied with Rule 37. Moreover, he has never provided further responses to defendants.

- **PLAINTIFF SHOULD NOT BE HEARD TO COMPLAIN ABOUT LAWSUIT WHEN HE REFUSES TO MAKE ANY REASONABLE DEMAND FOR SETTLEMENT OF A FRIVOLOUS LAWSUIT:** Plaintiff proclaims that discovery is being met with "hostility, evasiveness, mistruths and mistrust." *"Second" Motion at 5.* Mr. Ghawi, however, fails to admit that he does not accept any response from the undersigned *unless it is what he wants to hear.* This action is frivolous—there is no valid basis for his TCPA claims because all of the telephone calls made to Mr. Ghawi's number were to a *land line*, not a cell phone, and it was Mr. Ghawi who set up his phone system to have his calls to his number directed to his cell phone. He conveniently neglects to disclose these facts in his Amended Complaint or anywhere to this Court. Instead, he demands that defendants pay his millions of dollars for his alleged "damages." Mr. Ghawi now complains that this case is taking "a toll on his time, health and financial well-being." *"Second" Motion at 5.* Notwithstanding, he continues to demand unreasonable amounts of money for claims that are not based upon any valid violations of the law. It is difficult to understand why he continues this lawsuit under these circumstances.

In addition to the foregoing, Mr. Ghawi has failed to comply with Rule 37 of the Local Rules for the District of Connecticut by making any good faith effort to eliminate or reduce the areas of controversy *before* filing the Motion to Compel. Quite separate from Citibank's Motion for Protective Order, the Schiff Law Office served discovery on Mr. Ghawi which were insufficiently

---

time to fully respond, and defendant's Motion for Extension of Time was granted by this Court on March 20, 2015, giving defendant until April 25, 2015 to respond. On April 24, 2015, the Schiff Law Office served full responses to Mr. Ghawi's Requests for Admissions, Interrogatories and Requests for Production. Mr. Ghawi fails to mention any of this in his "Second" Motion to Compel.

answered by Mr. Ghawi.

WHEREFORE defendant prays that this Court deny Mr. Ghawi's "Second" Motion to Compel as it is presently premature and improper.

DEFENDANTS

_[signature]_

Jeanine M. Dumont   ct 05021
Law Offices Howard Lee Schiff PC
510 Tolland Street
East Hartford, Connecticut 06108
cmoylan@hlschiffpc.com
Telephone (860) 528 9991
Fax (860) 528 7602

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, on APRIL 28, 2015 to the following counsel of record:

**PLAINTIFF**
NABIL GHAWI
14 HAWTHORNE STREET S (APT. B)
GREENWICH, CT.  06831

_[signature]_

Jeanine M. Dumont

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**