IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------------X
NABIL GHAWI                                            :
                                                       :    No. 3:13 CV 115(JBA)
        v.                                             :
                                                       :
LAW OFFICES OF HOWARD LEE                              :
SCHIFF P.C., JEANINE M. DUMONT,                        :
HEATH A. TIBERIO, REBECCA JADACH,                      :
QUANESHIA DAILEY-THOMPSON &                            :
CITIBANK N.A.                                          :    DATE: MAY 18, 2015
-------------------------------------------------------X
```

RULING ON DEFENDANT CITIBANK'S MOTION FOR PROTECTIVE ORDER (Dkt. #78),
PLAINTIFF'S MOTION TO COMPEL TO RESPOND TO DISCOVERY ON
CITIBANK (Dkt. #80), PLAINTIFF'S MOTION FOR ORDER OF COMPLIANCE
TO DISCOVERY (Dkt. #85), AND PLAINTIFF'S SECOND [MOTION]
TO COMPEL CITIBANK TO ADDRESS DISCOVERY (Dkt. #90)

On January 24, 2013, plaintiff Nabil Ghawi commenced this action (Dkt. #1), appearing pro se, followed by an Amended Complaint, filed April 22, 2013 (Dkt. #11), and followed by a second Amended Complaint, filed March 13, 2014 (Dkt. #59), alleging violations of the following federal laws: Federal Debt Collection Practices Act ["FDCPA"], the Telephone Communications Protection Act ["TCPA"], the Racketeer Influenced and Corrupt Organizations Act ["RICO"], the Truth in Lending Act ["TILA"], and the U.S. Mail Fraud Statute, as well as alleged violations of the following state laws: the Creditor's Collection Practices Act ["CCPA"], the Truth in Lending Act ["Connecticut TILA"], laws restricting telemarketing, laws governing telegraph, telephone, illuminating, power, and water companies, and the Connecticut Unfair Trade Practices Act ["CUTPA"], and alleged violations of the common laws of unconscionability and misconduct by defendants Law Offices of Howard Lee Schiff, P.C. ["HLS"], HLS employees Jeanine M. Dumont, Heath A. Tiberio, Rebecca Jadach, and Quaneshia Dailey-Thompson [collectively "the HLS Defendants"], and alleged creditor Citibank, N.A. (Dkt. #1).

On December 1, 2014, U.S. District Judge Janet Bond Arterton dismissed plaintiff's claims under TILA, the U.S. Mail Fraud statute, RICO, FDCPA, CCPA, Connecticut TILA, and his claims for unconscionability and misconduct.  2014 WL 6885141, at *2, 6-9 (D. Conn. Dec. 1, 2014); (see Dkts. ##60-62, 64).  In addition, plaintiff's claims under the FDCPA and CUTPA were dismissed as to defendant Citibank.  2014 WL 6885141, at *2, 5-6, 9.  Thus, the claims that remain in the case are FDCPA, 15 U.S.C. §§ 1692c(a)(1), 1692d(5) & (6), 1692e(10), and 1692g(b) as to the HLS Defendants; TCPA, 47 U.S.C. § 227(b) as to all defendants; and CUTPA, CONN. GEN. STAT. § 42-110 et seq. as to the HLS Defendants.  Id. at *4-6, 9.  On December 17, 2014, defendants filed their Answer and Affirmative Defenses. (Dkt. #66).

Under the Scheduling Order, filed on January 13, 2015, by Judge Arterton (Dkt. #71), all discovery is to be completed by July 30, 2015, and all dispositive motions are to be filed by August 30, 2015.  (Id.).

On March 18, 2015, defendant Citibank filed the pending Motion for Protective Order, and brief and exhibits in support (Dkt. #78),[1] and one week later, plaintiff filed a Motion to Compel Citibank to Respond to Discovery (Dkt. #80), with exhibits in support. (Dkt. #83).[2]

---

[1]Attached to defendant's brief are the following exhibits: copy of a Declaratory Ruling issued by the Federal Communications Commission, released January 4, 2008 (Exh. 1); and copy of plaintiff's Requests for Admissions, Interrogatories and Production, dated February 25, 2015 (Exh. 2).

[2]The following exhibits (Dkt. #83) were filed as exhibits to plaintiff's Motion to Compel Citibank to Respond to Discovery (Dkt. #80)(the exhibits are not labeled in a coherent manner): plaintiff's Integrated Responses [to] Requests for Admissions, Interrogatories, and Requests for Production from defendant HLS and the HLS employees, dated March 10, 2015 (Exh. A); copy of letter from plaintiff to defense counsel, dated April 6, 2015 (Exh. A.1); copy of letter from plaintiff to defense counsel, dated October 22, 2012 (although not labeled, Exh. B); and list of "Incoming Calls From Citibank, NA" from November 19, 2010 to February 15, 2011 (Exh. C).

On April 13, 2015, plaintiff filed additional exhibits in support of his motion (Dkt. #86),[3] and next day, defendant Citibank filed a brief in opposition. (Dkt. #88).

On April 13, 2015, plaintiff also filed his Motion for Order of Compliance to Discovery directed to the HLS Defendants, with exhibits in support. (Dkt. #85).[4] Defendants have not filed an objection.

On April 20, 2015, plaintiff filed his Second Motion to Compel Citibank to Respond to Discovery, and Objection to Defendant's Opposition to Motion to Compel. (Dkt. #90). Ten days later, defendants filed their brief in opposition (Dkt. #92), and on May 12, 2015, plaintiff filed his reply brief. (Dkt. #95). The pending motions were referred to this Magistrate Judge on April 1, 2015 (Dkt. #82), April 14, 2015 (Dkt. #87), and April 21, 2015 (Dkt. #91).

---

[3]This docket entry consists of the following exhibits (again, the exhibits are not labeled in a coherent manner): copy of Requests for Admissions, Interrogatories and Production served on defendant Citibank, dated February 25, 2015 (Exh. P); another copy of letter from plaintiff to defense counsel, dated October 22, 2012 (Exh. B1); another copy of the list of "Incoming Calls From Citibank, NA" (Exh. C); copy of list of "Incoming Calls From HLS" from July 7, 2011 to January 18, 2012, and November 29 and December 18, 2014 (Exh. L); copy of a letter from plaintiff to "Mr. Goldberg[,]" dated January 2, 2012 (Exh. M); and copy of a letter requesting issuance of summons to Citibank, dated November 15, 2013 (Exh. R).

Defendant Citibank contends that "[p]laintiff . . . appears to be producing documents which were requested by [HLS] in its discovery. None of these matters related to Citibank, N.A. or its Motion for Protective Order." (Dkt. #88, at 3 n.1). Pursuant to FED. R. CIV. P. 5(d), discovery, including "interrogatories, requests for documents, requests for admissions, and answers and responses shall not be filed with the Clerk's Office except by order of the Court[,]" D. CONN. L. CIV. P. 5(f)(1), and the "party seeking relief under any of the Federal Rules of Civil Procedure shall file only the portion of the . . . interrogatory, request for documents or request for admissions that is the subject of the dispute." D. CONN. L. CIV. P. 5(f)(2).

[4]Attached to plaintiff's motion are four exhibits (again, not labeled in a coherent manner): copy of Defendants' Responses to Requests for Admissions, Interrogatories and Requests for Production, dated March 17, 2015 (Exh. O); copy of Declaratory Ruling issued by the Commissioner of the Department of Banking on September 11, 2012 (Exh. Q); copy of correspondence from defendant HLS to plaintiff, dated July 9, 2011 (Exh. E); copy of correspondence from plaintiff to defendant HLS, dated July 15, 2011 (Exh. I); and copy of voicemail log from October 8, 2011 to June 21, 2012 (Exh. N).

For the reasons stated below, defendant Citibank's Motion for Protective Order (Dkt. #78) is <u>denied in large part</u>; plaintiff's Motion to Compel Citibank to Respond to Discovery (Dkt. #80) is <u>granted in part</u>; plaintiff's Second [Motion] to Compel Citibank to Address Discovery (Dkt. #90) is <u>granted in part</u>; and plaintiff's Motion for Compliance by the HLS Defendants (Dkt. #85) is <u>granted in part and denied in part</u>.

## I. DISCUSSION

### A. DEFENDANT CITIBANK'S MOTION FOR PROTECTIVE ORDER (Dkt. #78), PLAINTIFF'S MOTION TO COMPEL CITIBANK TO RESPOND TO DISCOVERY (Dkt. #80), AND SECOND [MOTION] TO COMPEL CITIBANK TO ADDRESS DISCOVERY (Dkt. #90)

In its Motion for Protective Order, defendant Citibank contends that it is no longer a defendant in this case as Judge Arterton dismissed all claims under FDCPA and CUTPA against Citibank, the remaining TCPA claim "as to all [d]efendants" does not include allegations directed to Citibank, and there are no claims that Citibank is liable for the conduct of HLS in the TCPA count.  (Dkt. #78, Brief at 3).  In his Motion to Compel Citibank to Respond to Discovery (Dkt. #80), and in his Second Request to Compel Citibank to Address Discovery (Dkt. #90),  plaintiff contends that Citibank is a named defendant, and Citibank must make specific objections to the requested discovery.  (Dkt. #80, at 9; Dkt. #90, at 2-3).[5]

---

[5]In its brief in opposition to plaintiff's Motion, defendant Citibank reiterates its contentions made in support of its Motion for Protective Order, and rebuts plaintiff's claim that he has alleged that all of the defendants are "working in concert and are in agreement[,]" contends that defendant Citibank's responses "may reveal other violations" is irrelevant because pursuant to the governing Scheduling Order in this case (<u>see</u> Dkt. #71), no additional claims may be added at this time, and asserts that plaintiff has admitted that "defendant" or "defendants" is defined as "equivalent to 'HLS' . . . which is a distinct separate entity from Citibank, N.A." (Dkt. #88, at 2; <u>see also</u> Dkt. #92).  In response, plaintiff contends that defendant HLS cannot respond on behalf of defendant Citibank (Dkt. #95, at 6-7), and that plaintiff "did not think it necessary to serve each single [d]efendant separate discovery. . . . A signature of acknowledgment that [d]efendants are in agreement with the responses is sufficient."  (Dkt. #95, at 7).

In her Ruling on the Motion to Dismiss, Judge Arterton held that plaintiff has "asserted sufficient facts to state a claim under [TCPA, 47 U.S.C.] § 227(b)" against all of the defendants[.]" 2014 WL 6885141, at *4 (emphasis added).  In so holding, Judge Arterton relied on the FCC Ruling addressing plaintiff's claim in this case. Id.; (see Dkt. #78, Exh. 1). Specifically, Judge Arterton held:

> the FCC has been clear that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules.  Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call."

Id. quoting In the Matter of Rules and Regulations Implementing the TCPA, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008). Defendant Citibank is the creditor on whose behalf HLS made the calls to plaintiff.  Defendant Citibank did not file a Motion for Reconsideration of this portion of Judge Arterton's Ruling, but yet now seeks to collaterally challenge such holding through the filing of this Motion for Protective Order.  Defendant's arguments as to whether defendant Citibank remains a defendant in this case are misplaced at this juncture.

Defendant Citibank also contends that "even if we assumed that Citibank N.A. is a party to this action, the discovery is overly broad[]" as plaintiff seeks "information well beyond the TCPA claim[.]" (Dkt. #78, Brief at 4).[6]  In his Second Request to Compel Citibank

---

As the Federal Rules of Civil Procedure provide, "interrogatories must be answered: (a) by the party to whom they are directed; or (B) if that part is a public or private corporation, . . . by any officer or agent, who must furnish the information available to the party." FED. R. CIV. P. 33(b)(1).  Similarly, a "party may serve on any other party a written request to admit[,]" FED. R. CIV. P. 36(a)(1), and a "party may serve on any other party a written request . . . to produce and permit the requesting party . . . to inspect [or] copy . . . items in the responding party's possession, custody, or control[.]" FED. R. CIV. P. 34(a)(1).  Thus, plaintiff must serve each defendant the discovery to which he seeks responses, and each defendant shall respond in accordance with the Federal Rules of Civil Procedure.

[6]However, defendant, who bears the burden of establishing that the discovery is overly broad, does not specify which requests it claims are overly broad. See Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009)("The party resisting discovery bears the

to Address Discovery, plaintiff asserts that "[m]inimally[,] [Citibank] should admit or deny TCPA related [i]nquiries[.]" (Dkt. #90, at 1; see also Dkt. #95, at 3).  This Court agrees, as the TCPA claim against all defendants remains in the case.  Therefore, **on or before June 5, 2015**, defendant Citibank shall respond to all Requests for Admission, Interrogatories, and Requests for Production that relate to plaintiff's TCPA claims, and for the remaining discovery, shall articulate its objections thereto.  To the extent that plaintiff disagrees with defendant Citibank's designation of which discovery requests relate to the TCPA claims versus which ones do not, he is, of course, free to file a renewed Motion to Compel.

### B. PLAINTIFF'S MOTION FOR COMPLIANCE BY DEFENDANT HLS (Dkt. #85)

In this motion, plaintiff seeks an order to HLS to comply "by responding in good faith to discovery[,]" and the "discovery has to be addressed and signed by each individual named in the suit[]" as the "discovery was addressed to each individual[ly]" named defendant. (Dkt. #85, at 1-2).[7]  Defendant HLS failed to file a brief in opposition to plaintiff's motion.

As discussed above, as the Federal Rules of Civil Procedure provide, "interrogatories must be answered: (a) by the party to whom they are directed; or (B) if that party is a public or private corporation, . . . by any officer or agent, who must furnish the information available to the party."  FED. R. CIV. P. 33(b)(1).  Similarly, a "party may serve on any other party a written request to admit[,]" FED. R. CIV. P. 36(a)(1), and a "party may serve on any other party a written request . . . to produce and permit the requesting party . . . to inspect [or] copy . . . items in the responding party's possession, custody, or control[.]" FED. R. CIV.

---

burden of showing why discovery should be denied.")(citation omitted).

[7]While the caption of the pending motion mentions Defendant HLS only, the discovery requests were directed to all the HLS Defendants collectively, and the text of the motions discuses all of them as well.

P. 34(a)(1). Thus, plaintiff may serve each defendant the discovery to which he seeks responses, and if so served, each defendant shall then respond in accord with the Federal Rules of Civil Procedure. However, in this case, plaintiff served all the HLS Defendants in one discovery request.

In his motion, plaintiff objects to each and every one of defendants' responses to the Requests for Admissions, Interrogatories, and Requests for Production. (Dkt. #85, at 2-13; see id., Exh. O). The Federal Rules of Civil Procedure permit liberal discovery, allowing parties to obtain discovery regarding any non-privileged matter that is relevant to a claim or defense involved in the pending litigation. FED. R. CIV. P. 26(b)(1). A party may object to a request if it is overly broad or unduly burdensome, but it "must do more than simply intone the familiar litany that the [request is] burdensome, oppressive, or overly broad." Hartford Roman Catholic Diocesan Corp. v. Interstate Fire & Cas. Co., No. 3:12 CV 1641(JBA), 2015 WL 164069, at *6 (D. Conn. Jan. 13, 2015)(citation & internal quotations omitted); Sullivan v. StratMar Sys., Inc., 276 F.R.D. 17, 19 (D. Conn. 2011)(citation & internal quotations omitted). Rather, the burden is on the party objecting to the discovery to "demonstrat[e] specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Hartford Roman Catholic Diocesan Corp., 2015 WL 14069, at *6 (citation omitted). Pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure, a party seeking discovery "may move for an order compelling disclosure or discovery[,]" and such motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court

action."[8]

### 1. REQUESTS FOR ADMISSIONS

After a careful review of the HLS Defendants' responses to plaintiff's twenty-four Requests for Admissions, the Court finds that although defendants objected to most of plaintiff's Requests for Admissions, without waiving such objections, defendants also provided sufficient responses to all requests except No. 2. (Dkt. #85, Exh. O, at 1-7). The HLS Defendants shall provide a supplemental response to Request for Admissions No. 2 **on or before June 5, 2015**. (See also Dkt. #85, at 2-8).

### 2. INTERROGATORIES

Similarly, after a careful review of defendants' responses to plaintiff's sixteen Interrogatories (id., Exh. O, at 7-11), the Court finds that, for the reasons explained above, defendants' response to Interrogatory No. 1 is sufficient as plaintiff did not serve discovery on each of the individual defendants (id. at 7). Defendants' responses to Interrogatories Nos. 2, 3, 5, 11, 12,[9] 13, 14, 15, and 16 (id. at 7-8, 9-11) are sufficient or their objections are well taken. Plaintiff's Interrogatories No. 6, 8, 9, 10 are overly broad in time and content (id. at 8-9), and thus **on or before June 5, 2015**, plaintiff shall serve more narrowly tailored discovery requests.

In contrast, plaintiff is entitled to an answer with respect to Interrogatory No. 4 (id. at 8), to the extent that this information is not already in plaintiff's possession, **on or before June 5, 2015**. As to Interrogatory No. 7 (id. at 8), plaintiff is entitled to a response with

---

[8]As an initial matter, plaintiff has failed to attach a certification of his good faith effort to confer with defense counsel before filing this motion.

[9]Plaintiff argues that he seeks this information as it relates to a state court action with these defendants. (Dkt #85, at 9). That action is not pending before this Court and plaintiff's attempt to seek discovery for his state court action through this federal action is misplaced.

respect to the dates and times when telephone calls where made to plaintiff but not with respect to the model and supporting system used; the HLS Defendants shall respond **on or before June 5, 2015**. (See also Dkt. #85, at 8-10).

### 3. REQUESTS FOR PRODUCTION

Lastly, after a careful review of defendants' responses to all twenty-six Requests for Production (Dkt. #85, Exh. O, at 11-18), the Court finds that defendants' responses to Requests for Production Nos. 1, 2, 3, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25 and 26 are sufficient or defendants' objections are well-taken. (Id. at 11-18).

In response to Request for Production No. 4, the HLS Defendants provided "some of those documents" (id. at 12); to the extent that more documents exist and such documents are not already in plaintiff's possession, the HLS Defendants shall produce such responsive documents **on or before June 5, 2015**. With respect to Request for Production No. 6 (id. at 13), plaintiff is entitled to any documents showing his consent to receive telephone calls on his cell phone, but not customers in general; the HLS Defendants shall respond **on or before June 5, 2015**. Similarly, consistent with this Court's ruling regarding Interrogatory No. 4, **on or before June 5, 2015**, the HLS Defendants shall respond to Request for Production No. 7 (id.). Lastly, with respect to Request for Production No. 21 (seeking "[a]ll documents relating to the maintenance by defendant of policies, practices, or procedures adapted to avoid calling persons who did not consent, or revoked consent, to be called on their cellular telephones[]"), the HLS Defendants contend that such information is confidential and proprietary but will agree to produce these policies **if** plaintiff agrees to a confidentiality agreement with respect to the contents of the agreement. (Id. at 17). Therefore, **on or before June 5, 2015**, the HLS Defendants shall submit to plaintiff a confidentiality agreement with respect to the contents of the responses to Requests for

Production No. 21.

### 4.  SUMMARY

Thus, plaintiff's Motion for Compliance by the HLS Defendants (Dkt. #85) is <u>granted as to Request for Production No. 2 but is denied as to the other twenty-three requests</u>;

is <u>granted as to Interrogatory No. 4, is granted in part with respect to Interrogatory No. 7, is denied without prejudice to renew with respect to Interrogatories Nos. 6, 8, 9 and 10, and is denied with respect to Interrogatories Nos. 1, 2, 3, 5, 11, 12, 13, 14, 15 and 16</u>;

and is <u>granted as to Request for Production No. 7, is granted in part with respect to Requests for Production Nos. 4, 6 and 21, and is denied with respect to Requests for Production Nos. 1, 2, 3, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25 and 26</u>.

## II. CONCLUSION

For the reasons stated above, defendant Citibank's Motion for Protective Order (Dkt. #78) is <u>denied in large part</u>; plaintiff's Motion to Compel Citibank to Respond to Discovery (Dkt. #80) is <u>granted in part</u>; plaintiff's Second [Motion] to Compel Citibank to Address Discovery (Dkt. #90) is <u>granted in part</u>; and plaintiff's Motion for Compliance by the HLS Defendants (Dkt. #85) is <u>granted in part and denied in part.</u>

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; Fed. R. Civ. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for

the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 18th day of May, 2015.

       <u>/s/ Joan G. Margolis, USMJ</u>
       Joan Glazer Margolis
       United States Magistrate Judge