UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NABIL GHAWI,<br>    *Plaintiff,*<br>    *v.*<br>LAW OFFICES HOWARD LEE SCHIFF, P.C., JEANINE M. DUMONT, HEATH A. TIBERIO, REBECCA JADACH, QUANESHIA DAILEY-THOMPSON, and CITIBANK, N.A.,<br>    *Defendants.* | Civil No. 3:13-cv-115 (JBA)<br><br>October 21, 2015 |

**RULING ON CITIBANK'S MOTION TO STRIKE**

On December 1, 2014, this Court granted Defendants' motion to dismiss in part and denied it in part [Doc. # 64]. The Court dismissed all claims against Citibank except Mr. Ghawi's allegation that Citibank violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). On August 11, 2015, the Court held an on the record telephonic status conference with all parties, during which it explained to Mr. Ghawi that he is required that abide by Court-ordered deadlines and that he cannot add new claims at this stage of the litigation.

On September 16, 2015, Citibank moved [Doc. # 154] for summary judgment. Mr. Ghawi's opposition was due twenty-one days later, on October 7, 2015. Mr. Ghawi did not seek an extension of time. On October 7, 2015, Mr. Ghawi filed a timely opposition [Doc. # 157] to Citibank's motion. The following day, on October 8, 2015, he filed a second opposition [Doc. # 159]. Citibank now moves to strike [Doc. # 160] Mr. Ghawi's second opposition, primarily on the grounds that it is late, it is an improper filing (because Mr. Ghawi had already filed his opposition), and it does not limit itself to

matters arising in connection with Citibank's summary judgment motion. Mr. Ghawi objects [Doc. ## 161, 163] to Citibank's motion.[1]

Mr. Ghawi's second opposition to Citibank's summary judgment goes far beyond the limited question at issue in Citibank's motion for summary judgment, namely, whether calls to Mr. Ghawi's 5122 number should be deemed calls to a cell phone for purposes of the TCPA.[2] For this reason, and because Mr. Ghawi has already been

---

[1] In his objection, Mr. Ghawi appears to misapprehend the nature of an opposition to a motion for summary judgment. The opposition is not itself a motion, and therefore, Mr. Ghawi need not (and indeed, may not) file both a "motion" in opposition and a memorandum in opposition. When a party files a motion such as a motion for summary judgment, that motion may be accompanied by a memorandum in support. The opposing party may then file an opposition brief, after which the moving party may file a reply brief. That is the end of briefing. A party may not file a sur-reply without explicit permission from the Court, which, as noted in the Court's pre-trial preferences, is not generally granted. Because Mr. Ghawi did not seek permission to file a sur-reply to Citibank's Reply to his Objection to the Motion to Strike, the Court sua sponte strikes Mr. Ghawi's sur-reply, styled as his "Response and Objection to Citibank N.A.'s Memorandum in Further Support of its Motion to Strike" [Doc. # 163].

[2] Both parties devote a substantial amount of their briefing to the question of whether Mr. Ghawi has alleged that Citibank/HLS utilized recorded telephone messages or an automatic telephone dialing system. Although the relevance of this issue to Citibank's motion for summary judgment is not apparent, the Court will briefly address the issue because it has been raised and will be relevant going forward. In light of the Supreme Court's admonition to "liberally construe[]" documents "filed pro se" and to hold pro se complaints, "however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), the Court is inclined to read Mr. Ghawi's complaint as alleging both the usage of an automatic telephone dialing system and a pre-recorded or artificial voice. Although raised in the context of his state law claims and not his TCPA claims, Mr. Ghawi's Complaint does allege at paragraphs 58 and 60 that Defendants utilized "recorded telephone message devices." Because Mr. Ghawi is pro se, the Court finds these allegations sufficient to state a claim that Defendants used either an automatic telephone dialing system or a pre-recorded message.

admonished for failing to abide by deadlines and for extraneous and impermissible filings, Citibank's Motion to Strike Mr. Ghawi's second opposition is GRANTED.

IT IS SO ORDERED.

                                                           /s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of October, 2015.