UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NABIL GHAWI : | CIVIL ACTION NO. 3:13-cv-115 (JBA) |
| Plaintiff : | |
| v. : | |
| : | |
| LAW OFFICES HOWARD LEE SCHIFF, : | |
| P.C., JEANINE M. DUMONT, HEATH A. : | |
| TIBERIO, REBECCA JADACH, QUANESHIA : | |
| DAILEY-THOMPSON, CITIBANK, N.A. : | |
| Defendants : | DECEMBER 30, 2015 |

**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM OF FACT AND LAW CONCERNING EVIDENTIARY PROBLEMS ANTICIPATED AT TRIAL**

Plaintiff replies to Defendant, LAW OFFICES HOWARD LEE SCHIFF P.C., Memorandum of Fact and Law concerning the evidentiary problems anticipated at trial:

**I.    PLAINTIFF'S INTRODUCTION OF EXHIBITS RELATING TO PRIOR VALIDATION NOTICES AND A PRIOR ACTION INSTITUTED AGAINST MR. GHAWI IN MICHIGAN ARE RELEVANT TO HIS CONDUCT IN THIS CASE**

Plaintiff seeks to introduce as Exhibits 4, 5, 6, 7 and 8 documentation relating to validation notices sent by law firms seeking to collect the Citibank debt prior to defendant's representations of Citibank.  He also seeks to introduce certified copies of a summons and complaint and dismissal of a Michigan lawsuit instituted by another law firm against Mr. Ghawi.  These exhibits are relevant to show that in two prior cases he disputed the debt and as a result the debt collector's abandoned the claims.  This corroborates a fact dispute in this case that he disputed the debt in this case pursuant to Fed. R. Evidence 401 and 406

**II.     DEFENDANT OBJECTION TO PLAINTIFF'S PROPOSED EXHIBIT 2, "HLS CALL LOG" CALLS FOR THE INTRODUCTION OF EVIDENCE AND IS A DISPUTED MATTER FOR THE JURY TO DECIDE**

Plaintiff seeks to introduce Exhibit 2 which is a "Call History Inquiry." Plaintiff will testify regarding the production of this document by defendant and if properly authenticated it will presumably be admitted into evidence. If defendant wishes to introduce evidence disputing what it means and says it becomes a matter for the jury to decide not an evidentiary issue.

**III.    DEFENDANT'S EXHIBIT 3 IS CLAINMED TO BE AN UNKNOWN DOCUMENT WHICH HAS NEVER BEEN PRODUCED PREVIOUSLY TO DEFENDANT**

Plaintiff's proposed Exhibit 3 is described as "Description and notes made on Defendant's call log." The admissibility of this document will be decided at the time the document is authenticated and submitted into evidence.

**IV.    DEFENDANT'S AGREEMENT THAT THE UNDERLYING DEBT NEED NOT BE DISCUSSED AT TRIAL BUT LACK OF AGREEMENT THAT MR. GHAWI'S CHARACTER, MOTIVES AND THE VALIDITY OF THE DEBT SHOULD BE BARRED AT TRIAL ARE THE MERITS OF PLAINTIFF'S MOTION IN LIMINE AND WILL BE DECIDED BY THIS COURT AT THE APPROPRIATE TIME..**

Plaintiff refers to the citations set forth in their Motion in Limine for support of their position on the Motion in Limine.

**V.     DEFENDANT'S CLAIM THAT PLAINTIFF MUST BE PRECLUDED FROM ADDING CLAIMS WHICH WERE NOT INCLUDED IN THE AMENDED COMPLAINT AND WHICH HAVE BEEN DISMISSED OR OTHERWISE ADJUDICATED BY THE COURT IS NOT AN EVIDENTIARY DISPUTE.**

Plaintiff recognizes the limitations placed upon the introduction at trial of issues not previously advanced. If this matter arises, it will be argued but it is not anticipated to arise.

**VI.   PLAINTIFF'S FAILURE TO DESIGNATE AN EXPERT TO TESTIFY TO VOIP OPERATION, AND THEREFORE, HE CANNOT PRESENT ANY TESTIMONY AT TRIAL AS TO VOIP OPERATION WITHOUT AN EXPERT WITNESS WHO IS QUALIFIED TO GIVE SUCH TESTIMONY DOES NOT PRECLUDE PLAINTIFF FROM TESTIFYING WITHOUT EXPERT TESTIMONY WHAT THE VOIP DOES AS OPPOSED TO HOW IT WORKS**

Plaintiff is not precluded from testifying that when a call comes into a certain telephone are simultaneously plaintiff's other phone lines including his cell phone.  He will not offer testimony as to how this works technically and it is not necessary because he is testifying from his own observations and experience.

**VII.   DEFENDANT'S CLAIM THAT PLAINTIFF MUST BE PRECLUDED FROM OFFERING ANY EVIDENCE THAT HE PAID FOR ANY CALLS WHICH WERE MADE TO HIM BY DEFENDANT IS PREMATURE.**

Plaintiff has not disclosed any evidence to support this claim.  If and when he does, it will be a matter for the court to decide whether he can just cause for its admission and corresponding testimony.   He may testify as to his understanding that he was charged but that goes to the weight of the evidence not its admissibility.

**DEFENDANT ASKS THIS COURT TO EXCLUDE EVIDENCE OR TESTIMONY ABOUT CALLS BEING MADE TO PLAINTIFF WITHOUT THE DATE OF THE CALL, THE IDENTITY OF THE CALLER AND WHETHER THE CALL WAS MADE TO A LAND LINE OR A CELL PHONE.**

Plaintiff has not disclosed any evidence to support this claim.  If and when he does, it will be a matter for the court to decide whether he can just cause for its admission and corresponding testimony.   He may testify as to his understanding as to how many calls were made based on his recollection and any objection to that goes to the weight of the evidence not its admissibility.

**VIII. PLAINTIFF SHOULD NOT BE PRECLUDED FROM OFFERING RELEVANT TESTIMONY AT TRIAL RELATING TO CALLS MADE BY DEFENDANT WHICH WERE NOT FOR THE PURPOSE OF COLLECTING A DEBT.**

While Plaintiff is not aware if any such calls are going to be introduced into evidence that were not for the purpose of collecting a debt, the test for precluding this testimony is relevance and –possibly- prejudice. This issue should be addressed if and when it arises.

PLAINTINFF NABIL GHAWI,

_____/s/_____
ADAM DIFULVIO CT 29927
DAVID M. WALLMAN
WALLMAN LAW FIRM
dmw@business-litigation.net

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing and any attachments hereto were mailed, postage prepaid, on DECEMBER 30, 2015 to the following:

Jeanine M. Dumont ct 05021
Law Offices Howard Lee Schiff PC
Its Attorneys
510 Tolland Street
East Hartford, CT  06108
Telephone (860) 528 9991
Fax (860) 528 7602

\_\_\_\_/s/_____
David M. Wallman