UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NABIL GHAWI,<br>    *Plaintiff,*<br>    v.<br>LAW OFFICES HOWARD LEE SCHIFF, P.C.,<br>    *Defendant.* | Civil No. 3:13-cv-115 (JBA)<br><br>January 21, 2016 |

RULING DENYING MOTION TO AMEND AND GRANTING MOTION IN LIMINE

Nearly three years into this case, after the Court has ruled on Defendant's motion to dismiss and cross motions for summary judgment, and just over a month before this case is scheduled to go to trial, Defendant Law Offices of Howard Lee Schiff, P.C. moves [Doc. # 196] to amend its Answer to assert an affirmative defense that Plaintiff's claims under the FDCPA, 15 U.S.C. § 1692 *et seq.*, are foreclosed by the statute of limitations. Plaintiff opposes [Doc. # 209], and moves [Doc. # 190] to preclude Defendant from referencing the statute of limitations during the trial of this case. For the following reasons, Defendant's motion to amend is denied and Plaintiff's motion in limine is granted.

I.   Background

Plaintiff filed his first complaint [Doc. # 1] on January 24, 2013, and his first amended complaint [Doc. # 11] on April 22, 2013. Following a pre-filing conference on September 17, 2013, the Court entered a scheduling order [Doc. # 32] requiring all amended pleadings to be filed by October 1, 2013. Thereafter, the Court granted Plaintiff three extensions of time and ordered him [Doc. # 56] to file his final supplemental amended complaint by March 13, 2014, which he did [Doc. # 59].

The Court granted Defendant's motion to dismiss in part and denied it in part [Doc. # 64] on December 1, 2014. Defendant then filed an amended answer [Doc. # 66], asserting several affirmative defenses, including under the FDCPA, but not asserting a statute of limitations defense. On January 13, 2015, the Court ordered [Doc. # 71] that "[a]ny amendments or joinder of additional parties will be completed by February 27, 2015" and that the case would be trial ready by October 1, 2015. Neither party sought any amendment of their pleadings at that time.

After a copious amount of filings from the parties with respect to their cross motions for summary judgment, the Court denied Plaintiff's motion for summary judgment and granted Defendant's motion for summary judgment in part. (*See* Ruling on Mots. Summ. J. [Doc. # 172].) The Court ordered the parties to file a joint trial memorandum by December 30, 2015 [Doc. # 183], at which time Plaintiff filed a motion in limine [Doc. # 190] seeking to bar Defendant from referencing the statute of limitations because Defendant did not plead that affirmative defense in its Amended Answer. The next day, Defendant moved [Doc. # 196] to amend its answer to add an affirmative defense regarding the statute of limitations. This case is scheduled to be tried to a jury beginning February 8, 2016.

II.     Discussion

Defendant contends that leave to amend should be granted under Federal Rule of Civil Procedure 15(a), which provides that a court "should freely give leave [to amend] when justice so requires." (*See* Mot. to Amend [Doc. # 196] ¶ 5.) However, as Plaintiff argues in response, before Defendant can reach Rule 15, it must clear the hurdle of Rule 16. See *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[D]espite

2

the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."). Under Federal Rule of Civil Procedure 16(b)(4), "a [court-ordered] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "By limiting the time for amendments, the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and pleadings will be fixed." *Parker*, 204 F.3d at 340 (internal quotation marks omitted).

In this nearly three-year old case, all amended pleadings were to be filed by February 27, 2015. Defendant never sought an extension of time within which it could file additional amended pleadings, and the February 2015 deadline has long since passed. In order to file an amended answer at this late juncture, Defendant must satisfy Rule 16's good cause standard which, the Second Circuit has held, "depends on the diligence of the moving party." *Id*. While district courts "may consider other relevant factors, including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [the non-moving party]," "the primary consideration is whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *see also Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012) ("Whether 'good cause' exists turns primarily on the 'diligence' of the moving party in seeking to meet the deadline in the scheduling order.").

In spite of the well-settled law regarding good cause under Rule 16, Defendant insists, relying exclusively on Rule 15 case law,[1] that it need only show lack of prejudice. (*See* Reply [Doc. # 211] at 2–3). The Second Circuit has held otherwise. *See Kassner*, 496 F.3d at 244 ("[T]he primary consideration is whether the moving party can demonstrate diligence.").

Defendant's briefing addresses its claims of diligence only in passing, arguing half-heartedly that "[c]onceivably," the deficiencies in Mr. Ghawi's complaint noted by the Court at the pretrial conference (specifically, that Mr. Ghawi's various claims were not clearly numbered as different counts) "could be a contributing factor in [its] failure to specifically plead the statute of limitations as an affirmative defense." (Reply at 3.) Putting aside the fact that conceivable reasons for what might have caused delay, but did not in fact do so, cannot establish diligence, Defendant does not and cannot argue that it was not on notice of a possible statute of limitations issue by February 2015.[2]

---

[1] The Court notes that some of the "case law" Defendant relies upon is not case law at all. Rather, Defendant has misrepresented to the Court the decision in *Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 362 (D. Conn. 2005), purporting to quote it three times for statements that do not appear in the decision. Defendant additionally cites *Oneida Indian Nation of N.Y. v. Cnty. of Oneida*, 617 F.3d 114, 143 n.3 (2d Cir. 2010) for the proposition that "a court may allow a party to add an affirmative defense by amendment before, during an [sic] even after trial" (Reply at 2), omitting any mention of the fact that the case concerned "constructive amendments" and, importantly, that the cited portion of the opinion was part of the dissent and does not represent Second Circuit law.

[2] Relatedly, the Court is unpersuaded by Defendant's argument that it should be given an opportunity to amend its answer in light of the Court's Order requiring Plaintiff to file an Amended Complaint "setting out separately each of the remaining counts to be pursued." (Endorsement Order [Doc. # 206] ¶ 1.) Plaintiff was not given an opportunity to make substantive changes to the complaint, and no response is necessary.

In light of Defendant's failure to come forward with any evidence demonstrating that it was diligent in its efforts to meet the Court-imposed deadline, the Court concludes that Defendant has not met its burden of demonstrating good cause under Rule 16.

### III.     Conclusion

For the foregoing reasons, Defendant's Motion [Doc. # 196] to Amend is DENIED and Plaintiff's Motion [Doc. # 190] In Limine to Bar Reference to the Statute of Limitations is GRANTED.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 21st day of January, 2016.