UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NABIL GHAWI | : | CIVIL ACTION NO. 3:13-cv-115 (JBA) |
| Plaintiff | : | |
| v. | : | |
| | : | |
| LAW OFFICES HOWARD | : | |
| LEE SCHIFF, P.C., | : | |
| Defendant | : | |

## SUBSTITUTE REPLY TO REVISED COMPLAINT

### I. JURISDICTION AND VENUE

1. The Defendant does not contest jurisdiction.

2. The Defendant does not contest venue, but denies remaining allegations and calls upon the Plaintiff to prove the same during the course of this trial.

3. The Defendant lacks sufficient information or knowledge to either admit or deny these allegations and calls upon the Plaintiff to prove the same during the course of this trial.

4. The Defendant admits that it is a professional corporation that specializes in the practice of debt collection, but lacks sufficient information or knowledge to admit or deny the remaining allegations and calls upon the Plaintiff to prove the same during the course of this trial.

6.[sic]  The Defendant lacks sufficient information or knowledge to either admit or deny these allegations and therefore calls upon the Plaintiff to prove the same during the course of this trial.

7.[sic]  The Defendant admits that it sent letters to the Plaintiff which are dated September 8, 2011, September 27, 2011 and January 28, 2012, but denies the Plaintiff's characterization of the debt and calls upon the Plaintiff to prove the same during the course of these proceedings.

8.  The Defendant denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

9.  The Defendant denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

10.  The Defendant denies these allegations and calls upon the Plaintiff to prove the same during the course of these proceedings.

## FIRST COUNT: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACTION (15 USC 1692 c(a)(1)

11. Defendant re-incorporates its responses to paragraphs 1 through 10.

12. Defendant lacks sufficient information or knowledge regarding the Plaintiff's business and calls upon the Plaintiff to prove the same during the course of this trial.

13. Defendant denies these allegations and calls upon the Plaintiff to prove the same during the course of this trial. In further answering, the Defendant states that it placed approximately thirty-eight (38) calls to the Plaintiff between January 2012 and June 2012. No more than one (1) call was placed each day during that time period and no calls were made prior to 8:00 a.m. or after 8:00 p.m.

14. Defendant denies these allegations and calls upon the Plaintiff to prove the same during the course of this trial.

## SECOND COUNT: VIOLATION OF FDCPA 15 USC 1692(d)(5)

15. Defendant re-incorporates its responses to paragraphs 1 through 14.

16. Defendant denies these allegations and calls upon the Plaintiff to prove the same during the course of this trial.

## THIRD COUNT: VIOLATION OF FDCPA 15 USC SEC. 1692(g)(b)

17. Defendant re-incorporates its responses to paragraphs 1 through 16.

18. Defendant denies these allegations and calls upon the Plaintiff to prove the same during the course of this trial. In further answering, the Defendant states that it placed approximately thirty-eight (38) calls to the Plaintiff between January 2012 and June 2012. No more than one (1) call was placed each day during that time period and no calls were made prior to 8:00 a.m. or after 8:00 p.m.

## FOURTH COUNT: VIOLATION OF TCPA 47 USC 227(b)(1)(A)(iii)

19. Defendant re-incorporates its responses to paragraphs 1 through 18.

20. Defendant denies these allegations and calls upon the Plaintiff to prove the same during the course of this trial.

21. Defendant denies these allegations and calls upon the Plaintiff to prove the same during the course of this trial.

22. Defendant denies these allegations and calls upon the Plaintiff to prove the same during the course of this trial.

## FIFTH COUNT IOLATION OF CUPTA Gen Stat Sec 42-110a et seq.

23. Defendant re-incorporates its responses to paragraphs 1 through 22.

23[sic]. Defendant denies these allegations and calls upon the Plaintiff to prove the same during the course of this trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

At all times, the Defendant fully complied with the provisions of the Fair Debt Collection Practices Act.

### SECOND AFFIRMATIVE DEFENSE

Any alleged violation was the result of a bona fide error, and liability many not be imposed on the Defendant pursuant to 15 USC sec. 1692k(c) in the that the Defendant maintains procedures and practices to ensure compliance with the Fair Debt Collection Practices Act: any violation of the Act was unintentional and occurred notwithstanding the maintenance of such procedures.

Defendant,
Law Offices Howard Lee Schiff, PC
/S/Karen J.Wisniowski   #phv07854
Karen J. Wisniowski
Law Offices Howard Lee Schiff PC
Its Attorneys
25 Southbridge Street
Building 2 Suite 2
Auburn, MA  01501

Telephone (860) 528 9991
Fax (860) 528 7602


Defendant,
Law Offices Howard Lee Schiff, PC
/S/Grace M. Calamita #ct23990
Grace M. Calamita, Esq
Law Offices Howard Lee Schiff PC
290 Roberts Street
P.O. Box 280245
East Hartford, CT. 06128-0245
Phone 860 528 9991 ext. 413
Cell 860 803 3483
Fax 860 290 9436
GraceCalamita@hlschiffpc.com


## Certificate of Service

I state on information and believe that the court will transmit a Notice of Electronic Filing relative to this document electronically to the persons and parties listed below as being served electronically and that such transmittal will, pursuant to Electronic Filing Rules, constitute service hereof on such persons and parties listed below as being served by mail by mailing to the indicated address.

**PLAINTIFF:**

Adam DiFulvio, Plaintiff's Attorney, at ajd@business-litigation.net
David Wallman, Plaintiff's Attorney, at dmw@business-litigation.ne

/s/Grace Calamita